

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CASE NO.: 24CV2702
Plaintiff: Grumpy Cat Limited
Defendant: Neogaia Creations

F I L E D

DEC 1 7 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## **DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

### **I. INTRODUCTION**

Defendant, Neogaia Creations, respectfully moves this Court to dismiss Plaintiff Grumpy Cat Limited's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff's allegations are unfounded and constitute a misuse of trademark law to suppress lawful artistic expression, violating Defendant's rights under the First Amendment.

This action centers on a single, independently created design titled *Grumpy Cat Pattern* that generated a profit of $1.87 from one sale on Redbubble. The design, which is markedly different from Plaintiff's trademarked character, was promptly removed upon notification of the dispute. Plaintiff's disproportionate claims lack merit, fail to establish essential elements of trademark infringement, and appear to be a bad-faith attempt to entrap and intimidate a small creator.

Defendant requests that the Court dismiss the Complaint in its entirety and award costs and fees to Defendant for defending against this baseless action.

### **II. STATEMENT OF FACTS**

1. **Defendant's Business and Artwork**
   - Neogaia Creations is a small, hobby-based creative shop operating on Redbubble, generating total profits of $317.00 USD in six years of operation, the equivalent of $52 profit per year.
   - The original design in question, *Grumpy Cat Pattern*, was independently created using a subscription to a graphic design website and bears no resemblance to Plaintiff's trademarked character.

2. **Minimal Commercial Activity**

- In the space of six years, the design was sold only once, generating a profit of $1.87. This isolated transaction occurred just before Plaintiff initiated this lawsuit, raising concerns of legal entrapment.

**3. \*\*Good Faith Actions\*\***
- Upon notification of the dispute, Defendant promptly removed the design from Redbubble to avoid further misunderstandings.

**4. \*\*Financial and Procedural Harm\*\***
- Plaintiff's actions and restraining order led to PayPal freezing Defendant's account, withholding $869.34 AUD, and causing significant financial hardship and inability to meet housing payments.
- Defendant's access to PayPal's Resolution Center was also restricted, leaving no avenue to contest or resolve the issue.

**5. \*\*Lack of Communication from Plaintiff\*\***
- Defendant made multiple attempts to contact Plaintiff's legal counsel, Hughes Socol Piers Resnick & Dym, to resolve the matter amicably but received no response.

## **\*\*III. LEGAL ARGUMENTS\*\***

**\*\*A. Plaintiff Fails to State a Claim Under the Lanham Act\*\***
To succeed in a trademark infringement, claim under the Lanham Act, Plaintiff must prove:
1. Ownership of a valid trademark.
2. Defendant's use of the mark in commerce.
3. A likelihood of consumer confusion.

**Plaintiff fails to meet these elements:**
- The design is visually and conceptually distinct from Plaintiff's trademarked image, as demonstrated by attached comparisons.
- A single, isolated sale generating $1.87 does not constitute "use in commerce" as required by the Lanham Act.
- There is no evidence of consumer confusion, as Defendant's niche audience of fabric patterns differs entirely from Plaintiff's commercial market.

**\*\*B. Plaintiff's Claims Violate Public Policy and Constitute Legal Overreach\*\***
This lawsuit reflects an improper use of trademark law to suppress lawful expression. Courts have consistently discouraged overreach in trademark enforcement, particularly when the alleged infringement involves minimal harm or confusion.

**\*\*C. Defendant's Work is Protected Under the First Amendment\*\***

2

The original design or the use of the words 'grumpy cat pattern' as a title,' constitutes expressive content protected by the First Amendment. Courts have recognized the need to balance trademark laws with free speech rights, particularly in the context of creative works.

**D. Plaintiff's Actions Constitute a Strategic Lawsuit Against Public Participation (SLAPP) Suit and Legal Entrapment in the State of Illinois**
- The design sold only once in six years, just before the case was lodge with the court. If the Plaintiff's purchased the design to manufacture grounds for litigation, this demonstrates bad faith and legal entrapment.
- This lawsuit lacks merit and serves as a strategic lawsuit against public participation (SLAPP), targeting a small creator with limited resources and intended to suppress legitimate creative expression.

**E. Plaintiff's Damages Claim is Disproportionate and Unethical**
Plaintiff's demand for damages of up to $200,000 USD per image is grossly disproportionate to the alleged harm, particularly given the single $1.87 sale. This claim reflects unethical and legally unsound overreach, seeking to exploit Defendant's limited resources.

**F. Plaintiff's Abuse of SAD (Strategic Allegations of Disputes) Schemes**

Plaintiff's conduct aligns with the Strategic Allegations of Disputes (SAD) scheme, an institutional failure where intellectual property holders misuse the legal system to exploit individuals or small creators. As described in the Columbia Law Review Forum (March 2024), SAD schemes involve filing baseless claims against low-value defendants to extract settlements, discourage creative expression, or intimidate smaller parties into submission.

In this case, Plaintiff:

1. Appears to have initiated litigation based on a single $1.87 sale, creating a disproportionate legal burden on the Defendant.
2. Demanded unreasonable damages up to $200,000 USD, vastly exceeding any potential harm.
3. Weaponized financial institutions, such as PayPal, to block the Defendant's unrelated funds, causing financial distress.

These tactics exemplify the SAD scheme's detrimental impact on fairness, creativity, and access to justice. This Court should recognize Plaintiff's behaviour as an abuse of process and a violation of public policy.

**IV. REQUESTED RELIEF**

**Defendant respectfully requests that this Court:**
1. Dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6).
2. Award Defendant reasonable costs and attorneys' fees under 15 U.S.C. § 1117(a) for defending against a meritless action.

3

3. Request that the Court order the release of your PayPal funds, as they are unrelated to the disputed artwork and the Plaintiff's claims and have caused the financial and emotional hardship caused by the freeze, including its impact on Defendant's ability to meet basic obligations like mortgage payments.

4. Request that the dismissal be with prejudice, preventing the Plaintiff from refiling the same claim in the future.

5. Grant any additional relief the Court deems just and equitable.

**V. CONCLUSION**

Plaintiff's claims are frivolous, lack legal merit, and constitute an improper attempt to suppress free speech and artistic expression. Defendant respectfully requests that this Court dismiss the Complaint and provide relief to ensure that this type of legal overreach is not rewarded.

**Supporting Documents**

**Exhibit A -** Side-by-side comparison of Defendant's design and Plaintiff's trademarked character.

**Exhibit B -** Evidence of the single Redbubble transaction and other transactions.

**Exhibit C -** Correspondence with Plaintiff's legal counsel (all unanswered)

**Exhibit D -** Documentation of PayPal's account freeze

**Exhibit E –** Evidence of welfare payments and financial hardship.

Respectfully submitted,

‘

Alda Rosa Curtis
(Counsellor)
Neogaia Creations
Alda.curtis@gmail.com
36 Anne William Drive, West Pennant Hills NSW 2125 AUSTRALIA
+61 431600560
19/01/2024

# AFFIDAVIT OF NEO GAIA CREATIONS

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**CASE NO.:** 24CV2702
**Plaintiff:** Grumpy Cat Limited
**Defendant:** Neogaia Creations

## AFFIDAVIT OF ORIGINALITY AND DEFENSE AGAINST ALLEGATIONS OF TRADEMARK INFRINGEMENT

I, [Your Full Legal Name], the sole proprietor of Neogaia Creations, being duly sworn, declare and state as follows:

---

## I. BACKGROUND

1. **Identity and Business Information**
   - My name is Alda Rosa Curtis. I am the sole owner of Neogaia Creations, a hobby-based creative shop hosted on Redbubble.
   - Neogaia Creations has operated for six years, from [starting year] to the present, focusing on unique and independently created designs for niche audiences, particularly patterns.
2. **Financial and Sales History**
   - Across all products sold through Neogaia Creations, my total profit over six years amounts to approximately $317 USD.
   - Only one sale corresponds to the image in question, titled "*Grumpy Cat Pattern,*" which generated a profit of $1.87 USD.
   - This image was removed promptly upon notification of the dispute to avoid further misunderstandings.
3. **Disputed Design Description**
   - The design, "*Grumpy Cat Pattern,*" was created independently as a stylized pattern featuring a cartoon purple-and-yellow cat with exaggerated expressions. It was inspired by a general theme of whimsical and grumpy-looking felines, entirely unrelated to any trademarks or intellectual property owned by the Plaintiff. It was obtained legitimately from a graphic designer, though the website Creative Fabrica, subscribed by the Defendant.

---

## II. ORIGINALITY OF DESIGN

4. **Evidence of Originality**
   - Attached as Exhibit A is the original design of the "*Grumpy Cat Pattern.*"
5. **Distinct Visual Characteristics**

- o My design features a purple and yellow cat drawn in an abstract, cartoonish style, with artistic elements that bear no resemblance to Plaintiff's "Grumpy Cat" character.
- o Exhibit C provides a side-by-side comparison of my design with Plaintiff's trademarked character, highlighting clear differences in style, colour palette, and overall concept.

---

## III. ARGUMENT AGAINST TRADEMARK INFRINGEMENT

6. **Lack of Commercial Impact**
   - o The disputed design generated a single sale for $1.87 USD, an insignificant amount unlikely to harm Plaintiff's brand or reputation.
   - o Neogaia Creations, as a hobby-based shop, operates on a minimal scale, with no advertising, marketing campaigns, or deliberate use of Plaintiff's intellectual property.
7. **Absence of Consumer Confusion**
   - o There is no evidence of consumer confusion, such as complaints, misattributions, or reports of individuals mistakenly associating my work with Plaintiff's brand.
   - o The audience for Neogaia Creations consists of niche hobby enthusiasts looking for patterned items, distinct from Plaintiff's mainstream commercial audience.
8. **Good Faith and Lack of Knowledge**
   - o At the time of creating and listing the "*Grumpy Cat Pattern*" design, I had no prior knowledge of Plaintiff's trademark or intellectual property.
   - o The title of the design, "*Grumpy Cat Pattern,*" was chosen purely to describe the mood and aesthetic of the cartoon cat depicted, without any intent to reference Plaintiff's trademarked property.

---

## IV. GOOD FAITH EFFORTS TO RESOLVE THE MATTER

9. **Attempted Communication**

   - Since learning of the dispute, I have made multiple attempts to contact Plaintiff's legal representatives at Hughes Socol Piers Resnick & Dym to provide evidence of originality and resolve this matter amicably.
   - Copies of my email correspondence, dated are attached as Exhibit D. Despite these efforts, I have received no response from Plaintiff's counsel.

10. **Financial Impact and Harm**
    - PayPal has frozen my account, withholding $900 AUD, which I require to meet financial obligations, including my mortgage payments.
    - I am a student receiving government welfare. The impact of this lawsuit on my personal and professional life has been severe, despite the minimal scale of my business and negligible commercial harm caused by the disputed design.

2

## V. CONCLUSION

11. Based on the evidence provided, I assert that the *"Grumpy Cat Pattern"* design is an original creation that does not infringe upon Plaintiff's intellectual property.

12. I respectfully request that the Court dismiss this lawsuit and direct PayPal to release my funds, as the claims against me are baseless and disproportionately harmful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

**Date:** 18/11/2024
**Signature:**

Alda Curtis

36 Anne William Drive, West Pennant Hills NSW 2126, AUSTRALIA

alda.curtis@gmail.com

3

## CERTIFICATE OF SERVICE

I, Alda Rosa Curtis, certify that on 20/11/2024, I served a copy of the foregoing Defendant's

Motion to Dismiss and accompanying exhibits to:

**Luis Figueroa, Esq.**
Hughes Socol Piers Resnick & Dym
70 W Madison St, Suite 4000
Chicago, IL 60602

Service was made via Certified Mail with tracking.
Dated: 20/11/2024

Respectfully Submitted,

Alda Rosa Curtis

Neogaia Creations

# Exhibit A

## Side-by-side comparison of Defendant's design and Plaintiff's trademarked character.

 

**Image 1 – My original pattern**

**Image 2 – Grumpy Cat Trademarked image**

https://tmsearch.uspto.gov/search/search-results

## IMAGE TRADEMARK

Based on the visual comparison of the two images provided:

1. **Artistic Style**:
   - The "Grumpy Cat Pattern" image uses a highly stylized and abstract artistic approach, characterized by vibrant colours (purple, yellow, green) and whimsical, exaggerated features such as spiralling tails and sharp geometric shapes.
   - The "Grumpy Cat" image represents a realistic photograph of the trademarked character, capturing the cat's natural features with no artistic stylization.
   - 
2. **Visual Features**:
   - The "Grumpy Cat Pattern" image depicts a cartoon-like cat with symmetrical patterns, bright colours, and exaggerated expressions that differ substantially from the realistic fur, eyes, and features of the "Grumpy Cat" photograph.
   - There is no replication of specific traits such as Grumpy Cat's fur pattern, ear structure, or characteristic frown.
   - 
3. **Distinctive Characteristics**:
   - "Grumpy Cat Pattern" cats have spiral tails and a rounded, abstract form that bears no resemblance to Grumpy Cat's actual anatomy or demeanour.

- o The trademarked "Grumpy Cat" image is identifiable by its unique and famous expression, natural brown and white fur, and photographic representation, which are not replicated in the design.
- o
4. **Context and Interpretation**:
   - o The "Grumpy Cat Pattern" image appears to be a generic, artistic representation of cartoon-like cats without any intent to reference or imitate Grumpy Cat specifically.
   - o
   - o The artistic design lacks any direct association with the Grumpy Cat brand, such as logos, names, or catchphrases, further negating any potential for confusion.
   - o
5. **Likelihood of Consumer Confusion**:
   - o A reasonable consumer would not confuse the stylized, colourful "Grumpy Cat Pattern" with the realistic photograph of Grumpy Cat.
   - o The markets are different, as the pattern is clearly targeted toward general artistic and decorative purposes rather than commercializing the specific Grumpy Cat brand.

**Conclusion:**

The differences in artistic style, features, and overall intent make it clear that the "Grumpy Cat Pattern" is not an infringement of the trademarked Grumpy Cat image. The design is a unique, original creation that does not reference or mimic the distinct traits of the Grumpy Cat brand in any substantive way.

---

The use of the title **"Grumpy Cat Pattern"** does not infringe on the Grumpy Cat trademark for the following reasons:

# WORD TRADEMARK

## 1. Descriptive Use, Not Trademark Use

- **Grumpy** and **Cat** are common descriptive terms in the English language:
   - o "Grumpy" is a generic adjective to describe mood or expression.
   - o "Cat" is a generic noun referring to a species of animal.
- The phrase "Grumpy Cat Pattern" is used to describe the general aesthetic of the artwork, which depicts a series of stylized, abstract cats with a "grumpy" expression. This usage is descriptive and does not intend to reference or leverage the specific Grumpy Cat brand or trademark.
- Courts have consistently held that descriptive or nominative use of common terms does not constitute trademark infringement.

---

## 2. No Likelihood of Consumer Confusion

2

Under the **Lanham Act**, for a trademark infringement claim to succeed, the Plaintiff must prove a **likelihood of consumer confusion**. In this case, the title **"Grumpy Cat Pattern"** is not likely to confuse consumers for the following reasons:

- **Distinct Artistic Style**: The "Grumpy Cat Pattern" design bears no resemblance to the realistic and specific characteristics of the Grumpy Cat trademark (e.g., unique fur markings, natural expression). Consumers are unlikely to associate the colorful, abstract pattern with the well-known Grumpy Cat brand.
- **Absence of Branding or Commercial Association**: The title "Grumpy Cat Pattern" is not accompanied by any reference to the Grumpy Cat brand, logo, merchandise, or associated trademarks. There is no attempt to suggest that the artwork is endorsed by or connected to the Plaintiff.
- **Audience and Market Differences**: The "Grumpy Cat Pattern" design was sold on Redbubble as part of a general marketplace for artistic expression. It is not marketed in competition with or as a substitute for official Grumpy Cat merchandise, further reducing the likelihood of confusion.

## 3. First Amendment Protections

The title **"Grumpy Cat Pattern"** is an expressive use protected by the **First Amendment**, which safeguards artistic and creative works even when they use descriptive terms or phrases that may overlap with trademarks. Courts have repeatedly recognized that:

- Trademarks cannot be used to prevent others from using common terms in creative, artistic, or descriptive ways.
- In this case, the title "Grumpy Cat Pattern" is part of a larger creative expression (a stylized pattern of cats) and does not constitute trademark misuse.

## 4. Fair Use Défense

The use of the phrase "Grumpy Cat Pattern" falls under **fair use** principles:

- **Descriptive Fair Use**: The title is being used descriptively to identify the nature of the design (a pattern of grumpy-looking cats) rather than to indicate the source of the product. This type of fair use is explicitly protected under U.S. trademark law.
- **No Intent to Exploit the Trademark**: There is no evidence that the Defendant intended to capitalize on the goodwill associated with the Grumpy Cat brand. The term "Grumpy Cat" was used simply to describe the appearance of the pattern.

## 5. Lack of Trademark Dilution

- Trademark dilution claims are inapplicable because the use of "Grumpy Cat Pattern" does not tarnish, blur, or diminish the distinctiveness of the Grumpy Cat brand.
- The Plaintiff's brand is based on a specific and highly recognizable image, which is entirely absent from the Defendant's work.

## 6. Overreach by Plaintiff

By asserting trademark infringement based on the descriptive use of the title "Grumpy Cat Pattern," the Plaintiff is overstepping the boundaries of trademark law:

- The Plaintiff seeks to monopolize common words ("Grumpy" and "Cat") that cannot reasonably be reserved exclusively for their brand.
- This constitutes an attempt to suppress lawful artistic expression, which trademark law does not protect.

## Conclusion

The title **"Grumpy Cat Pattern"** is a descriptive, expressive, and lawful use of language that does not infringe on the Plaintiff's trademark. It is protected under the **Lanham Act's fair use doctrine**, the **First Amendment**, and general principles of free artistic expression. There is no consumer confusion, no misuse of the Grumpy Cat brand, and no intent to trade on the Plaintiff's goodwill.

Alda Curtis
Neogaia Creations

## Exhibit B

# Evidence of the single Redbubble transaction and other transactions.



Redbubble <congratulations@redbubblemail.com>
to me

REDBUBBLE

Hi Neogaia,

Congratulations on your recent sale on Redbubble. Here are the details:

**1x Graphic T-Shirt of Grumpy Cat Pattern**
See artwork
**Size:** XS
**Your current configured margin %:** 10.0%
**Your price:** US$22.41 (AU$34.42)
**Your margin:** US$1.87 (AU$2.87)

REDBUBBLE

Hi Neogaia,

We're sorry, but we had to remove your artwork from the Redbubble marketplace under our IP & Publicity Rights Policy, because we received a complaint from someone alleging that your artwork violates their rights.

More information:

**Rights holder:** Grumpy Cat Limited

**Subject matter:** Grumpy Cat

**Affected Artwork**

Grumpy Cat Pattern
https://www.redbubble.com/
shop/ap/82038625

We know that artists put their heart and soul into their art, so please understand that removal of your work is not something we take lightly. It is important that users of the Redbubble marketplace only upload their own original artwork.

What you can do next:

**Do nothing**
Your artwork will not be reinstated, and you should not upload it again. This usually brings the matter to a close.

**Contest the removal** This is only appropriate if you believe that removal of your work is a mistake or that your work is parody, satire, critical commentary or other fair use. More information on the counter notice process can be found here.

**Important:** Re-uploading the same content without going through this counter notice process may result in penalties being applied to your user account, including account suspension.

Consult the FAQs

##- Please type your reply above this line -##



Your request has been updated. To add additional comments, reply to this email.

**E.F at RedBubble** (Redbubble)
Sep 27, 2024, 10:01 PDT

Hi Alda ,

Thanks for getting in touch with Redbubble. As you've been made aware, Redbubble has moderated the content that was reported in accordance with our IP/Publicity Rights Policy, as it was specifically named in a complaint received from **Grumpy Cat Limited**, in regards to **Grumpy Cat** related intellectual property.

We have not explicitly said that the work does or does not infringe the complainant's intellectual property or publicity rights but we have a legal obligation to act on reports filed in accordance with our IP/Publicity Rights Policy where the content is specifically named.

We have notified the complainant of our receipt of your counter notice. If the complainant has not taken action after 14 days, please contact us if you wish to have the content restored.

E.F at RedBubble
Marketplace Trust and Experience Team

New Message



● REDBUBBLE

Hi Neogala,

We're sorry, but we had to remove your artwork from the Redbubble marketplace under our IP & Publicity Rights Policy, because we received a complaint from someone alleging that your artwork violates their rights.

More information:

Rights holder: Grumpy Cat Limited

Subject matter: Grumpy Cat

Affected Artwork:

Grumpy Cat Pattern
https://www.redbubble.com/
shop/ap/82038825

We know that artists put their heart and soul into their art, so please understand that removal of your work is not something we take lightly. It is important that users of the Redbubble marketplace only upload their own original artwork.

What you can do next:

**Do nothing**
Your artwork will not be reinstated, and you should not upload it again. This usually brings the matter to a close.

**Contest the removal** This is only appropriate if you believe that removal of your work is a mistake or that your work is parody, satire, critical commentary or other fair use. More information on the counter notice process can be found here.

**Important:** Re-uploading the same content without going through this counter notice process may result in penalties being applied to your user account, including account suspension.

Consult the FAQs

- Why was my artwork removed?
- Why was my artwork removed while other similar ones remain?
- Why was my artwork removed if I photographed or drew it myself?
- View more common questions

Redbubble Policies

- User Agreement
- Intellectual Property and Publicity Rights Policy
- Repeat Infringer Policy

Thanks,

Redbubble Marketplace Integrity Team

3

**Commissions of RedBubble Sales in Six Years** Only 1 image sold of the yellow and purple Grumpy Cat pattern.

| | File | Home | Insert | Draw | Page Layout | Formulas |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | **Redbubble Sales Commissions** | | | |
| 2 | | | | |
| 3 | **DATE** | **Payments** | **COMMISSIONS** | |
| 4 | 2-Jan-24 | Paypal | $13.34 | |
| 5 | 2-Dec-23 | Paypal | $26.97 | |
| 6 | 2-Oct-23 | Paypal | $34.00 | |
| 7 | 2-Aug-23 | Paypal | $43.14 | |
| 8 | 9-May-23 | Paypal | $22.42 | |
| 9 | 14-Mar-23 | Paypal | $52.44 | |
| 10 | 16-Feb-23 | Paypal | $25.70 | |
| 11 | 14-Feb-23 | Paypal | $25.70 | |
| 12 | 14-Dec-22 | Paypal | $7.07 | |
| 13 | 15-Nov-22 | Paypal | $24.71 | |
| 14 | 14-Jul-22 | Paypal | $21.49 | |
| 15 | 14-Jun-22 | Paypal | $26.15 | |
| 16 | 14-Apr-22 | Paypal | $24.79 | |
| 17 | 14-Feb-22 | Paypal | $27.61 | |
| 18 | 14-Dec-21 | Paypal | $33.03 | |
| 19 | 14-Oct-21 | Paypal | $24.28 | |
| 20 | 14-Aug-21 | Paypal | $30.26 | |
| 21 | 15-Mar-19 | Paypal | $7.86 | |
| 22 | 15-Aug-18 | Paypal | $0.64 | |
| 23 | ARTIST TOOLS | | | |
| 24 | Dashboard | | | |
| 25 | Activity Feed | | | |
| 26 | Shop Settings | TOTAL | **$471.60** | |
| 27 | | | | |

**$471.60 AUD = 307.08 USD**

4

**Exhibit C**

# Correspondence with Plaintiff's legal counsel

## UNANSWERED CORREPONDENCE WITH PLAINTIFF



Exhibit C

Correspondence with Plaintiff's legal counsel

UNANSWERED CORREPONDENCE WITH PLAINTIFF

**FALSE CLAIMS**

**Alda Curtis** <alda.curtis@gmail.com>
to trademark

Reference ID: PP-L-486908467456                                Sun 6 Oct, 12:13

I'm not sure what this is all about but your company is VERY mistaken and suing me for no reason.

I had no idea that Grumpy Cat was a trademark, only a funny and silly social media picture of a pet like millions of others

My ORIGINAL image was purchased through Creative Fabrica, and designed by one of their artists. I pay a subscription to Creative Fabrica to use these original images. I have no need to copy anyone else's!

What I used is a purple and yellow fabric pattern, that looks nothing like the cat from Grumpy Cat Limited. Just so happens to look Grumpy and being called accordingly. What you doing is the equivalent of suing anyone who uses the colour purple claiming it's a Cadbury Trademark, which is ridiculous!

You are even suing young kids that used images of their own tabby cats and used a tag 'Grumpy Cat'?? Really??? How desperate does that sound?

I sold a single image of this pattern in 6 years, coincidently (OR NOT) exactly when you started your court case. That's called entrapment!!

The total profit of that image was about $1.50 and I made about $50 profit on RedBubble in 6 years. If you are a real professional firm, why don't you use your time chasing companies who real use trademark images, instead of wasting the clients money in extra legal fees chasing hobby designers or kids trying to earn a couple of dollars??? That's bullying!!!!

In the meantime my Paypal account is still blocked illegitimately and impacting my actual businesses. No more money will be sent there, but once again that's bullying innocent people.

This is pathetic! Check the image in attachment and good luck finding any similarities. Good luck seizing any of my funds in Australia as well. I have my own lawyers and I might consider suing Grumpy Cat for entrapment and defamation.

Kind regards,
Alda Curtis

---

**Alda Curtis** <alda.curtis@gmail.com>
to John                                                        18 Nov 2024, 15:23 (1 day ago)

DEar John,

I mailed your firm several times and no one had the courtesy to answer.

As explained, I have no connection to Grumpy Cat, and never used any of its images. The omahge you identified was purchased legitimately from a graphic designer and looks NOTHING like the Grumpy Cat trademark! The image used is a purple pattern and the cat doesn't even have the colouring or the markings or Grumpy Cat.

The image I used is original and it was purchased by Grumpy Cat (the only buyer) just before the court case. This is legal entrapment!

As a result of your unethical case against small sellers, some of them who used images of their own tabby cat, or merely called them grumpy, as in my case NOT being aware of any trademarks, my Paypal has been blocked with money I need to pay my home mortgage, or I risk being in default to the bank and losing my family home. Is it what you client wants? How greedy can one be?

Suing people who called their own images Grumpy, is the equivalent of suing anyone using the colour purple like Cadbury!!!! Is there a trademark for happy cats as well? I'd appreciate if you remove this very UNFAIR restraining order ASAP so I can pay for my home.

Shame on your client and your company for representing such abuse of power!

Kind regards,

Alda Curtis
The owner of my own ORIGINAL Purple Grumpy Cat pattern
Australia

...

**2 attachments** • Scanned by Gmail

 



*2*

## Exhibit D

### Documentation of PayPal's account freeze



# Legal/Regulatory Order(s) received

PayPal has received one or more Legal/Regulatory Order(s) that affect your account. If you have any questions or need more information about the order(s), please contact the relevant agency(s).

| | |
|---|---|
| **Legal Demand/Order Type :** | TRO - Temporary Restraining Order |
| **Case Caption :** | Grumpy Cat Limited v The Individuals et al |
| **Legal/Regulatory Order ID :** | 24CV2702 |
| **Agency received from :** | Hughes Socol Piers Resnick & Dym |
| **Contact person :** | Luis Figueroa |
| **Contact details :** | trademark@hsplegal.com |

**Close**









**Australian Government**

**Services Australia**

EXHIBIT E - GOVERNMENT WELFARE RECIPIENT

# Centrelink Payment Details

## Request Details

| Request ID | Date of Request | Information Release Date |
|---|---|---|
| EG92W653A3 | 19.11.2024 | 19.11.2024 |

## Requestor Details

Requested by customer

## Customer Details

| CRN | First Name | Middle Name | Surname | Date Of Birth |
|---|---|---|---|---|
| 206724742T | ALDA | ROSA | CURTIS | 25.04.1961 |

## Type of Centrelink Payments

| Type | Status | Date of Effect |
|---|---|---|
| JobSeeker Payment | Suspended | 26.10.2024 |
| | Current | 26.05.2024 |
| | Cancelled | 01.01.2024 |
| Austudy | Cancelled | 01.05.2024 |
| | Current | 01.01.2024 |
| Child Care Benefit (Informal) | Paid | 01.01.2024 |
| Potential Child Care Benefit C | Data Collected | 01.01.2024 |
| Jobseeker Registration | **Current** | **01.01.2024** |

Note: Bolded lines indicate the Benefit Payment was current as at the specified end date.

## Taxation Details

| Financial Year | Type of Benefit | Taxable Entitlement | Non-taxable Entitlement |
|---|---|---|---|
| 01.01.2024 - 30.04.2024 | Austudy | 6979.00 | 0.00 |
| 26.05.2024 - 18.06.2024 | JobSeeker Payment | 1311.00 | 0.00 |
| 01.07.2024 - 25.10.2024 | JobSeeker Payment | 7569.00 | 0.00 |

Centrelink Payment Details is not Agency compensation advice. For more information about compensation, please go to the Services Australia Centrelink compensation information for lawyers and compensation payers website.

*3*

Alda Curtis
36 Anne William Drive
West Pennant Hills NSW 2125
Australia

20/11/2024

Clerk of Court
United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**Re: Case No.: 24CV2702, Grumpy Cat Limited v. Neogaia Creations**

Dear Clerk of Court,

Enclosed, please find the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and accompanying exhibits for filing in the above-referenced case.

I have included:

1. The original signed motion.
2. Supporting exhibits labelled **Exhibit A, Exhibit B**, etc.
3. A Certificate of Service.

Please file these documents in the case record. If there are any issues with this filing,

please do not hesitate to contact me via email at **alda.curtis@gmail.com** or phone at

**+61 431600560.**

Thank you for your assistance.

Sincerely,

**Alda Rosa Curtis**

1

