IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 24-cv-2702<br><br>Judge Jorge L. Alonso |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND DISMISS [DKT. NO. 115]**

Plaintiff GRUMPY CAT LIMITED ("GRUMPY CAT" or "Plaintiff") submits the following response in opposition to Defendant No. 173' "smartypaints" ("Defendant") Motion to Vacate Default Judgment and Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 115] (the "Motion") and in support states as follows:

### I.    INTRODUCTION

Defendant seeks to evade the consequences of infringing Plaintiff's registered GRUMPY CAT Trademarks for offering for sale and the sale of infringing GRUMPY CAT products to Illinois residents through Defendant's online store on the Redbubble e-commerce platform. Defendant ignores legal precedent by arguing that this Court lacks personal jurisdiction over Defendant despite the fact that Defendant stood ready, willing and able to sell infringing products and willingly sold an infringing counterfeit GRUMPY CAT product to a resident within this Court's jurisdiction.

Defendant also erroneously claims that Plaintiff failed to effectuate service upon

1

Defendant while readily admitting Defendant received service by electronic means, but chose to ignore Plaintiff's email. Defendant was properly served via e-mail because electronic service of process was authorized by this Court, does not violate any international treaty and is consistent with due process.

Defendant's request to vacate the properly entered default judgment should be denied because Defendant is unable to demonstrate "good cause" as required by Fed. R. Civ. P. 60(b)(1).

Lastly, Defendant's Motion should be denied because a pro se defendant cannot represent a business entity. As a result, Defendant's Motion should be denied.

## II.     BACKGROUND

GRUMPY CAT LIMITED is in the business of developing, marketing, selling and distributing GRUMPY CAT products. GRUMPY CAT was an American Internet celebrity cat which became an internet sensation after her photo was posted on Reddit on September 22, 2012. *See* Exhibit A - Decl. of Bryan Bundesen ¶ 4. GRUMPY CAT LIMITED is the owner of the following trademark registrations for GRUMPY CAT: Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286; and 4,907,213. *Id.* at ¶ 5. These registrations are valid, subsisting and in full force and effect. *Id.* at ¶ 6.

Defendant operates an interactive e-commerce store named "smartypaints" on the Redbubble e-commerce platform. Defendant offered for sale unauthorized and unlicensed t-shirts featuring the popular GRUMPY CAT product that infringes Plaintiff's GRUMPY CAT Trademarks to the United States, and in particular, to the State of Illinois. *See* Exhibit B - Evidence of Infringement. Specifically, Defendant reached out to do business with the United States, including Illinois, by affirmatively authorizing sales to a resident within this Court's jurisdiction on January 26, 2024. *See* Exhibit B. As shown in *Exhibit B*, the listing states that the product will be delivered to the address of 28W700 Perkins Ct., Naperville, IL 60564.

2

On April 4, 2024, Plaintiff filed a lawsuit against multiple defendants, including Defendant No. 173 "smartypaints" for trademark infringement and counterfeiting (Count I); false designation of origin (Count II); copyright infringement (Count III) and violation of the Illinois Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. Also, on April 4, 2024, Plaintiff filed a Motion for Entry of a Temporary Restraining Order ("TRO") and Motion for Electronic Service of Process under Fed. R. Civ. P. 4(f)(3) [Dkt. Nos. 11, 12] which was granted on April 9, 2024. [Dkt. Nos. 39, 40]. Counsel for Plaintiff served Defendant at the e- mail address used to register its Redbubble account, sunakshi.sinha90@gmail.com (the "Service Email Address"), on May 2, 2024. [Dkt. No. 49]. *See* Exhibit C – Declaration of John Wilson at ¶ 2. On information and belief, Defendant also received notice of this case as is the custom and practice of Redbubble when they place a hold on an account. *Id.* at ¶ 5. On September 4, 2024, Plaintiff moved for entry of default and default judgment against Defendant No. 173 "smarypaints". [Dkt. No. 82]. On September 10, 2024, the Court granted Plaintiff's Motion for Entry of Default and Default Judgment. [Dkt. Nos. 89, 90]. On November 27, 2024, a pro se individual named "Sunakshi" filed a motion to vacate default judgment and dismiss for lack of personal jurisdiction and an application for leave to proceed in forma pauperis on behalf of Defendant No. 173 "smartypaints". [Dkt. Nos. 115, 116].

### III. LEGAL STANDARD

Rule 60(b). Relief from a Judgment or Order.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

3

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. It is well-established that Rule 60(b) relief 'is an extraordinary remedy and is granted only in exceptional circumstances.'" *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994).

## IV.     ARGUMENT

  A. <u>The Defendant's Motion Should Be Stricken for Failure to Comply with Local and Federal Rules</u>

The U.S. Supreme Court has established that an entity that wants to avail itself of the Federal Court System must be represented by counsel. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. *Id.*

Federal Rule of Civil Procedure, Rule 11(a) states:

"Every pleading, written motion, and other ***paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.*** The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The ***court must strike an***

4

*unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention*."

(F.R.C.P. 11(a)) (emphasis added).

Local Rule 5.6 states:

"*No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto*, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it *may be stricken by the court on its own motion and without notice*."

(Local Rule 5.6 Northern District of Illinois.) (emphasis added).

On November 27, 2024, an individual named "Sunakshi" filed a motion to vacate default judgment and dismiss for lack of personal jurisdiction and an application for leave to proceed in forma pauperis on behalf of Defendant No. 173 "smartypaints". [Dkt. Nos. 115, 116]. Upon information and belief, Sunakshi is an individual and is not the same as Defendant No. 173 "smartypaints", a business entity. Sunakshi is not an attorney and therefore cannot represent Defendant "smartypaints" in this matter. Courts in this district have stated that "… a corporation cannot appear in court pro se or be represented by a non-lawyer. *Scandia Down Corp. v, Euroquilt, Inc.,* 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all.) 1:23-cv-14102, *Roblox Corporation v. The Partnerships et al.,* November 16, 2023, [Dkt. No. 46].(J. Valderrama). Sunakshi has failed to obtain approval from this Court to file a pleading without being a party to the action and, as provided by Local Rule 5.6, the Motion to Vacate Default Judgment and Dismiss for Lack of Personal Jurisdiction [Dkt. No. 115] should be stricken.

B.  This Court has Personal Jurisdiction Over Defendant

By offering to sell products in Illinois, the Defendant is subject to this Court's jurisdiction. When determining whether the District Court had jurisdiction over a defendant accused of selling counterfeit products online, the Seventh Circuit has stated that:

5

"First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022).

1. Defendant Purposefully Availed Itself to this Court's Jurisdiction

By conducting business in Illinois, Defendant purposefully availed itself of jurisdiction in Illinois. The Seventh Circuit has consistently ruled that businesses that reach out to do business with Illinois residents create sufficient minimum contacts for jurisdictional purposes. In *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id*. As a result, Defendant should have foreseen being subject to litigation in the United States, including Illinois, as a result of offering for sale and selling its Counterfeit Products.

In the present case, Defendant advertised and offered to sell infringing GRUMPY CAT Products within this Court's jurisdiction by offering to sell and ship a product to an address in Naperville, Illinois. *See* Exhibit B, pg. 5. As such, Defendant's activities of offering to sell and ship counterfeit products to the State of Illinois demonstrate that Defendant purposefully directed its activities to this State and has purposefully availed itself of the privilege of conducting business in this forum State. As such, Defendant's actions have created sufficient minimum contacts with Illinois to establish personal jurisdiction.

6

Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020) (Docket No. 60) (Kennelly, J.); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *see also*, *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

As a merchant who is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed themselves of the privilege of conducting business in Illinois, which also gives this Court specific personal jurisdiction over Defendant under the Illinois long-arm statute. See 735 ILCS 5/2-209.

2. Plaintiff Has Been Injured by Defendant's Activities

Defendant's infringement of Plaintiff's GRUMPY CAT Trademarks have caused injury to Plaintiff, thus satisfying the second element. Defendant is not authorized to use Plaintiff's GRUMPY CAT Trademarks, nor is Defendant an authorized retailer for Plaintiff. *See* Exhibit A at ¶ 12. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286; and 4,907,213. *See id.; see also* Exhibit D – GRUMPY CAT Registrations. Plaintiff's Trademarks are distinctive and identify the merchandise as goods from Plaintiff. Exhibit A at ¶ 7. Additionally, Plaintiff's Trademarks have been continuously used and never abandoned. *Id.* at ¶ 8.

Plaintiff's goodwill and reputation are irreparably damaged when the GRUMPY CAT Trademarks are used on goods not authorized, produced or manufactured by Plaintiff. *Id.* at ¶ 19. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and

market share. *Id*. The extent of harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable. *Id*. Plaintiff is further irreparably harmed by the unauthorized use of the GRUMPY CAT Trademarks because counterfeiters take away Plaintiff's ability to control the nature and quality of products used with the GRUMPY CAT Trademarks. *Id*. at ¶ 21. Loss of quality control over goods using the GRUMPY CAT Trademarks and, in turn, loss of control over our reputation is neither calculable nor precisely compensable. *Id*. at ¶ 20. The sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT Trademarks also causes consumer confusion, which weakens Plaintiff's brand recognition and reputation. *Id*. Consumers who mistakenly believe that the Counterfeit GRUMPY CAT Products they have purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. *Id*. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine GRUMPY CAT Products, resulting in a loss or undermining of Plaintiff's reputation and goodwill. *Id*. Counterfeit GRUMPY CAT Products, primarily coming from China, can be extremely dangerous and present alarming safety hazards to children. *Id*.

Plaintiff is further irreparably damaged due to a loss in exclusivity. *Id*. at ¶ 21. The GRUMPY CAT Products are meant to be exclusive. *Id*. Plaintiff's extensive marketing and distribution of GRUMPY CAT Products are aimed at growing and sustaining sales of GRUMPY CAT Products. *Id*.

The GRUMPY CAT Trademarks are distinctive and signify to consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high-quality standards. *Id*. When counterfeiters use the GRUMPY CAT Trademarks on goods without Plaintiff's authorization, the exclusivity of Plaintiff's products, as well as Plaintiff's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales. *Id*.

As such, Plaintiff has been injured by Defendant's actions and therefore have sufficiently satisfied the second prong of the Seventh Circuit's jurisdictional test.

### 3. The Exercise of Personal Jurisdiction Comports with Traditional Notions of Fair Play and Substantial Justice

Finally, the Court must consider whether the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See N. Grain Mktg., LLC v. Greving* 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154 (1945)). The factors considered are "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton,* 682 F.3d 665, 677 (7th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174 (1985)). "These factors rarely will justify a determination against personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 781 n. 10 (7th Cir. 2003).

While Defendant may be burdened by having to defend an action in this state, "out-of-state defendants *always* face such a burden." *Felland,* 682 F.3d at 677 (emphasis in original). Notably, despite any potential claims of hardship, Defendant has already … engaged in motion practice in this court. *See Jackson v. N'Genuity Enterprises, Co.,* 2014 WL 4269448 (2014) (finding, in part, that exercising personal jurisdiction over the defendant did not run afoul of traditional notions of fair play and substantial justice where the defendant had been litigating in this forum). Moreover, modern transportation and communications have made it much less burdensome for a party to defend itself in a state where he derives economic benefits, and it usually will not be unfair to subject him to the burdens of litigating in another forum. *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174. Illinois has an interest in protecting Illinois consumers from being deceived into purchasing counterfeit GRUMPY CAT Products. As such, exercising personal jurisdiction over Defendant

9

does not run afoul of traditional notions of fair play and substantial justice.

This Court has specific personal jurisdiction over Defendant in this case, and the Court should deny Defendant's Motion based on lack of personal jurisdiction. Therefore, for the reasons stated above, this Court has jurisdiction over Defendant since Defendant has advertised products in this jurisdiction and Defendant could reasonably be expected to be haled into Court as a result of those activities.

### C. Defendant Fails to Demonstrate 'Good Cause' to Set Aside Default Judgment

Defendant fails to meet the burden of demonstrating 'good cause' to set aside the Default Judgment that was entered on September 10, 2024 [Dkt. No. 90].

"Rule 60(b)(1) provides that "[o]n a motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding" upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.' Our review of district court orders denying this relief is exceedingly deferential and is limited to discerning whether the district court abused its discretion. Only if no reasonable person could agree with the district court's decision will it be disturbed." *Jones v. Phipps*, 39 F. 3d 158, 162 (7th Cir. 1994).

"As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint. *Id.* This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id.* In the present case, the Defendant is unable to satisfy any of the prongs for vacating default judgment due to 'good cause'.

With regard to the first prong, Defendant is unable to demonstrate 'good cause' for vacating the default judgment. Defendant claims that this Court lacks jurisdiction, but Plaintiff has sufficiently established that this Court does indeed have jurisdiction over Defendant as set forth in Section A above. Defendant also claims "excusable neglect" under Fed. R. Civ. P 60(b) by arguing that they inadvertently overlooked the summons due to receiving a high volume of emails. The Supreme Court has held that indifference to a motion's deadlines is inexcusable. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). As such, Defendant has not demonstrated 'good cause' for vacating a default judgment. As a result, Defendant lacks 'good cause' to vacate the properly entered Default Judgment on September 10, 2024. [Dkt. No. 90].

With regard to the second prong, Defendant has not been quick to try to resolve this matter. Defendant was properly served on May 2, 2024 [Dkt. No. 49]. Default Judgment was entered on September 10, 2024. [Dkt. No. 90]. Defendant filed its Motion to Vacate Default Judgment and Motion to Dismiss for Lack of Personal Jurisdiction on November 27, 2024, over two months ***after*** Plaintiff filed its Motion for Entry of Default and Default Judgment. (emphasis added).

Lastly, Defendant fails to set forth any meritorious defenses to this matter and is liable for trademark infringement and counterfeiting. An individual is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). To prove a *prima facie* case of infringement, a plaintiff must show: (1) its mark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademark; and (3) Defendant's use of the trademark

11

causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005).

In the present case, Plaintiff has satisfied all three requirements of the Lanham Act. Regarding the first two elements, Plaintiff's GRUMPY CAT Trademarks are inherently distinctive and are registered with the U.S. Patent and Trademark Office on the Principal Register. *See* Exhibit A – Declaration of Bryan Bundesen, ¶¶ 5, 6. Furthermore, the registrations for the GRUMPY CAT Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the GRUMPY CAT Trademarks pursuant to 15 U.S.C. § 1057(b). Plaintiff has not licensed or authorized Defendant to use the GRUMPY CAT Trademarks, and Defendant is not an authorized retailer of genuine GRUMPY CAT Products. Exhibit A at ¶ 12.

Plaintiff satisfies the third factor, as well. The Defendant is selling Counterfeit GRUMPY CAT Products using counterfeit marks identical to the GRUMPY CAT Trademarks, and such use is likely to cause a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See* Exhibit B – Evidence of Infringement. In this case, actual confusion can be inferred because Defendant is selling counterfeit GRUMPY CAT Products in connection with the GRUMPY CAT Trademarks. Because the goods are similar and have identical and similar uses, consumers will be confused and believe that Defendant's products are genuine GRUMPY CAT Products or are sponsored or endorsed by Plaintiff. Defendant is intentionally using the GRUMPY CAT Trademarks to confuse and deceive the consuming public into thinking that Defendant's Counterfeit GRUMPY CAT Products are manufactured by or emanate from Plaintiff. Defendant is purposefully attempting to benefit and trade off Plaintiff's goodwill and reputation.

As such, Defendant fails to set forth a meritorious defense to Set Aside the Default Judgment that was properly entered on September 10, 2024, and as a result, Defendant's Motion should be denied.

## V. CONCLUSION

Defendant's Motion should be denied for failure to comply with local and federal rules and failure to demonstrate good cause to set aside default judgment. Defendant's argument regarding lack of personal jurisdiction fails because Defendant stood ready, willing and able to conduct business with a resident in this Court's jurisdiction. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Vacate Default Judgment and Dismiss. [Dkt. No. 115].

Dated: February 28, 2025       Respectfully submitted,

                               By:    */s/ Michael A. Hierl*
                                      Michael A. Hierl (Bar No. 3128021)
                                      William B. Kalbac (Bar No. 6301771)
                                      Robert P. McMurray (Bar No. 6324332)
                                      John Wilson (Bar No. 6341294)
                                      Hughes Socol Piers Resnick & Dym, Ltd.
                                      Three First National Plaza
                                      70 W. Madison Street, Suite 4000
                                      Chicago, Illinois 60602
                                      (312) 580-0100 Telephone
                                      (312) 580-1994 Facsimile
                                      mhierl@hsplegal.com

                                      Attorneys for Plaintiff
                                      GRUMPY CAT LIMITED

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies on February 28, 2025 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*