IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　Defendants. | Case No. 24-cv-2702<br><br>Judge Jorge L. Alonso |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DKT. NO. 119]**

Plaintiff GRUMPY CAT LIMITED ("GRUMPY CAT" or "Plaintiff") submits the following response to the Motion to Dismiss filed by Defendant No. 103 "Neogaia Creations" [Dkt. No. 119] (the "Motion") and in support states as follows:

### I.　　INTRODUCTION

Defendant seeks to evade the consequences of infringing Plaintiff's registered GRUMPY CAT Trademarks and Copyrights for the offer of sale and sale of infringing GRUMPY CAT products to Illinois residents through Defendant's online stores on the Redbubble e-commerce platform. Defendant ignores legal precedent by arguing that Plaintiff is unlikely to succeed in its trademark infringement claim. Defendant's arguments fail because Plaintiff can demonstrably prove that (1) its mark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademarks; and (3) Defendant's use of the trademark causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. Additionally, defendant was ready, willing and able to sell infringing products to a resident within this Court's jurisdiction. Additionally, Defendant's Motion

should be denied because Defendant is unable to demonstrate "good cause" as required by Fed. R. Civ. Pro. 60(b)(1).

Lastly, Defendant's Motion should be denied because Defendant is not an attorney and therefore cannot represent a business entity. As a result, Defendant's Motion should be denied.

## II.     BACKGROUND

GRUMPY CAT LIMITED is in the business of developing, marketing, selling and distributing GRUMPY CAT products. GRUMPY CAT was an American Internet celebrity cat which became an internet sensation after her photo was posted on Reddit on September 22, 2012. See Exhibit A - Decl. of Bryan Bundesen ¶ 4. GRUMPY CAT LIMITED is the owner of the following trademark and copyright registrations for GRUMPY CAT: Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286; and 4907213; and Copyright Registration Nos. VA0001911607, VA0001882406, VA0001963544, VA0001996074, VA0002023702, VA0002111353, VA0002134675, VA0001886880, VA0001966135, VA0001941449, VA0002008316, VA0001962679, TX0008617793, VA0001939990, VA0001899887, VA0001901628, VA0001859983, VA0001849042, VA0001849044, and VA0001849043. *Id.* at ¶ 5. These registrations are valid, subsisting and in full force and effect. *Id.* at ¶ 6.

Defendant operates an interactive e-commerce store named "Neogaia Creations" on the Redbubble e-commerce platform. Defendant offered for sale unauthorized and unlicensed t-shirts that infringe Plaintiff's GRUMPY CAT Trademarks to the United States, and in particular, to the State of Illinois. *See* Exhibit B -Evidence Infringement. Specifically, Defendant reached out to do business with the United States, including Illinois, by affirmatively authorizing sales to a resident within this Court's jurisdiction on January 26, 2024. See Exhibit B. As shown in Exhibit B, the listing states that the product will be delivered to the address of 28W700 Perkins Ct., Naperville, IL

60564.

On April 4, 2024, Plaintiff filed a lawsuit against multiple defendants, including Defendant No. 103 "Neogaia Creations" for trademark infringement and counterfeiting (Count I); false designation of origin (Count II); copyright infringement (Count III) and violation of the Illinois Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. Also, on April 4, 2024, Plaintiff filed a Motion for Entry of a Temporary Restraining Order ("TRO") and Motion for Electronic Service of Process under Fed. R. Civ. P. 4(f)(3) [Dkt. Nos. 11, 12] which was granted on April 9, 2024. [Dkt. Nos. 39, 40]. Counsel for Plaintiff served Defendant at the e- mail address used to register its Redbubble account, alda.curtis@gmail.com (the "Service Email Address"), on May 2, 2024. [Dkt. No. 49]. *See* Exhibit C – Declaration of John Wilson at ¶ 2. On information and belief, Defendant also received notice of this case as is the custom and practice of Redbubble when they place a hold on an account. *Id.* at ¶ 5. On September 4, 2024, Plaintiff moved for entry of default and default judgment against Defendant No. 103 "Neogaia Creations". [Dkt. No. 82]. On September 10, 2024, the Court granted Plaintiff's Motion for Entry of Default and Default Judgment. [Dkt. Nos. 89, 90]. On December 17, 2024, a pro se individual named "Alda Curtis" filed a Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of Defendant No. 103 "Neogaia Creations". [Dkt. No. 119].

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) Time to Serve a Responsive Pleading.

    (1) In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

        (A) A defendant must serve an answer:
            (i) within 21 days after being served with the summons and complaint;

3

. . .

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19 .

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

## IV. ARGUMENT

### A. The Defendant's Motion Should Be Stricken for Failure to Comply with Local and Federal Rules

The U.S. Supreme Court has established that an entity that wants to avail itself of the Federal Court System must be represented by counsel. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. *Id.*

Federal Rule of Civil Procedure, Rule 11(a) states:

> "Every pleading, written motion, and other **paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.** The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The **court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention**."

4

(F.R.C.P. 11(a)) (emphasis added).

Local Rule 5.6 states:

"***No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto***, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it ***may be stricken by the court on its own motion and without notice***."

(Local Rule 5.6 Northern District of Illinois.) (emphasis added).

On December 17, 2024, an individual named "Alda Curtis" filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on behalf of Defendant No. 103 "Neogaia Creations". [Dkt. No. 119]. Upon information and belief, Alda Curtis is an individual and is not the same as Defendant No. 103 "Neogaia Creations", a business entity. Upon information and belief, Alda Curtis is not an attorney and therefore cannot represent Defendant "Neogaia Creations" in this matter. Courts in this district have stated that "… a corporation cannot appear in court pro se or be represented by a non-lawyer. *Scandia Down Corp. v, Euroquilt, Inc.,* 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all.) 1:23-cv-14102, *Roblox Corporation v. The Partnerships et al.,* November 16, 2023, [Dkt. No. 46].(J. Valderrama). Alda Curtis has failed to obtain approval from this Court to file a pleading without being a party to the action and, as provided by Local Rule 5.6, the Motion to Dismiss For Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) [Dkt. No. 119] should be stricken.

 B. <u>Defendant's Claims are Barred Pursuant to Fed. R. Civ. P. 12</u>

Plaintiff filed the present matter on April 4, 2024. [Dkt. No. 1]. On April 9, 2024, this Court granted Plaintiff's Motion for Entry of a TRO which included authorization to serve the Defendant by electronic means. [Dkt. Nos. 38, 39]. Plaintiff properly served Defendant at the

email address provided by Redbubble on May 2, 2024. *See* Exhibit C at ¶ 3 – Declaration of John Wilson. An order of default and default judgment was entered against Defendant on September 10, 2024. [Dkt. No. 90].

Pursuant to Fed. R. Civ. P. 12(a)(1)(C): "A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time." Pursuant to Fed. R. Civ. P. 12(b)(6): Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted . . . A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

On December 17, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) [Dkt. No. 119], which is more than three months after Plaintiff's Motion for Entry of Default and Default Judgment was granted. [Dkt. No. 90]. The deadline for Defendant to bring a motion to vacate the entry of default judgment expired more than three (3) months ago.

As such, Defendant's Motion is procedurally improper because it is time barred under Fed. R. Civ. P. 12 and therefore should be denied.

C. <u>Defendant Has Infringed Plaintiff's Trademarks</u>

Assuming arguendo, that Defendant No. 103 "Neogaia Creations" is determined to be compliant with local rules, Defendant's Motion to Dismiss fails because Plaintiff has proven a likelihood of success on the merits with respect to its trademark and copyright infringement claim. Defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable

6

imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). To prove a *prima facie* case of infringement, a plaintiff must show (1) its mark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademarks; and (3) Defendant's use of the trademarks causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005). Plaintiff has satisfied all three requirements of the Lanham Act to successfully bring a trademark infringement and counterfeiting claim against Defendant.

Regarding the first two elements, Plaintiff's GRUMPY CAT trademarks are inherently distinctive and are registered with the United States Patent and Trademark Office on the Principal Register. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286; and 4,907,213. *See* Exhibit A at ¶ 5 and Group Exhibit D – GRUMPY CAT Registrations. The Trademarks have been continuously used and never abandoned. Exhibit A, Bundesen Decl. at ¶ 7. The GRUMPY CAT Trademark and Copyright registrations constitute *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the GRUMPY CAT Trademarks pursuant to 15 U.S.C. § 1057(b). Furthermore, Plaintiff has not licensed or authorized Defendant to use the GRUMPY CAT trademarks, nor is the Defendant and authorized retailer of genuine GRUMPY CAT Products. *Id.* at ¶ 11.

In regard to the third factor, Defendant's use of Plaintiff's registered GRUMPY CAT marks are likely to confuse consumers regarding the authenticity of the products being sold. The sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT marks causes consumer confusion in the marketplace, which weakens Plaintiff's brand recognition and reputation. *Id.* at ¶ 20. When counterfeit products use the GRUMPY CAT marks, Plaintiff's products and brand become associated with these inferior counterfeit products which are not subject to same quality control standards as

7

products used with the GRUMPY CAT marks. *Id.* at ¶ 19. Consumers attributing these inferior quality products with Plaintiff will result in increased skepticism and hesitance by consumers to purchase genuine GRUMPY CAT Products in the future, resulting in a loss of sales and undermining of Plaintiff's reputation and goodwill. *Id.* at ¶ 20.

Defendant's use of the GRUMPY CAT marks creates confusion in the marketplace and leads consumers to believe that the products being sold and marketed by Defendant belongs to or is approved by Plaintiff. Defendant is selling a t-shirt using "Grumpy Cat Pattern Graphic T-Shirt" as its ad copy. See Group Exhibit B – Evidence of Infringement. Trademark Reg. No. 4,417,549 specifically grants Grumpy Cat Limited the exclusive right to use the "Grumpy Cat" trademark in commerce for clothing, namely t-shirts, shirts, long-sleeved shirts, polo shirts, sweatshirts and hoodies. Group Exhibit D – GRUMPY CAT Trademark Registrations.

Defendant is not authorized to use Plaintiff's GRUMPY CAT Trademarks or Copyrights, nor is Defendant an authorized retailer for Plaintiff. See Exhibit A, Bundesen Declaration at ¶ 12. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,907,212; 5,516,378; 4,820,434; 4,417,549; 4,672,289; 5,073,528; 4,527,097; 4,930,286; and 4907213; and Copyright Registration Nos. VA0001911607, VA0001882406, VA0001963544, VA0001996074, VA0002023702, VA0002111353, VA0002134675, VA0001886880, VA0001966135, VA0001941449, VA0002008316, VA0001962679, TX0008617793, VA0001939990, VA0001899887, VA0001901628, VA0001859983, VA0001849042, VA0001849044, and VA0001849043. *Id.* at ¶ 5; see also Exhibit D. Plaintiff's Trademarks and Copyrights are distinctive and identify the merchandise as goods from Plaintiff. *Id.* at ¶ 7. Additionally, Plaintiff's Trademarks and Copyrights have been continuously used and never abandoned. *Id.* at ¶ 8. As a result, Plaintiff has demonstrated a likelihood of confusion between Defendant's counterfeit products and those sold by Plaintiff and

therefore Defendant is liable for trademark infringement.

Defendant fails to meet the burden of demonstrating 'good cause' to set aside the Default Judgment that was entered on September 10, 2024 [Dkt. No. 90].

"Rule 60(b)(1) provides that "[o]n a motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding" upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.' Our review of district court orders denying this relief is exceedingly deferential and is limited to discerning whether the district court abused its discretion. Only if no reasonable person could agree with the district court's decision will it be disturbed." Jones v. Phipps, 39 F. 3d 158, 162 (7th Cir. 1994).

"As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint. *Id.* This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id.* In the present case, the Defendant is unable to satisfy any of the prongs for vacating default judgment due to 'good cause'.

With regard to the first prong, Defendant is unable to demonstrate 'good cause' for vacating the default judgment. Plaintiff has sufficiently established that this Court has jurisdiction over Defendant because Defendant readily admits to selling an infringing product to a resident within this Court's jurisdiction (Defendant's Motion, pg. 2 [Dkt. No. 119]). Defendant fails to set forth any adequate claims that rise to the level of "excusable neglect" under Fed. R. Civ. P 60(b). As a

9

result, Defendant lacks 'good cause' to vacate the properly entered Default Judgment on September 10, 2024. [Dkt. No. 90].

With regard to the second prong, Defendant has not been quick to try to resolve this matter. Defendant was properly served on May 2, 2024 [Dkt. No. 49]. Default Judgment was entered on September 10, 2024. [Dkt. No. 90]. Defendant filed the present Motion on December 17, 2024, over three (3) months *after* Plaintiff filed its Motion for Entry of Default and Default Judgment. (emphasis added).

Lastly, Defendant fails to set forth any meritorious defenses to this matter and is liable for trademark infringement and counterfeiting. An individual is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). To prove a *prima facie* case of infringement, a plaintiff must show: (1) its mark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademark; and (3) Defendant's use of the trademark causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005).

In the present case, Plaintiff has satisfied all three requirements of the Lanham Act. Regarding the first two elements, Plaintiff's GRUMPY CAT Trademarks are inherently distinctive and are registered with the U.S. Patent and Trademark Office on the Principal Register. *See* Exhibit A – Declaration of Bryan Bundesen, ¶ 5. Furthermore, the registrations for the GRUMPY CAT Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the GRUMPY CAT Trademarks pursuant to 15 U.S.C. § 1057(b). Plaintiff has not licensed or

10

authorized Defendant to use the GRUMPY CAT Trademarks, and Defendant is not an authorized retailer of genuine GRUMPY CAT Products. *Id.* at ¶ 12.

Plaintiff satisfies the third factor, as well. The Defendant is selling Counterfeit GRUMPY CAT Products using counterfeit marks identical to the GRUMPY CAT Trademarks, and such use is likely to cause a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See* Exhibit B – Evidence of Infringement. In this case, actual confusion can be inferred because Defendant is selling counterfeit GRUMPY CAT Products in connection with the GRUMPY CAT Trademarks and Copyrights. Because the goods are similar and have identical and similar uses, consumers will be confused and believe that Defendant's products are genuine GRUMPY CAT Products or are sponsored or endorsed by Plaintiff. Defendant is intentionally using the GRUMPY CAT Trademarks to confuse and deceive the consuming public into thinking that Defendant's Counterfeit GRUMPY CAT Products are manufactured by or emanate from Plaintiff. Defendant is purposefully attempting to benefit and trade off Plaintiff's goodwill and reputation.

As such, Defendant fails to set forth a meritorious defense to Set Aside the Default Judgment that was properly entered on September 10, 2024, and as a result, Defendant's Motion should be denied.

D. <u>The Default Judgment Entered Against Defendant is Appropriate</u>

On September 4, 2024, Plaintiff moved for entry of default and default judgment against Defendant No. 103 "Neogaia Creations". [Dkt. No. 82]. On September 10, 2024, the Court granted Plaintiff's Motion for Entry of Default and Default Judgment and awarded one-hundred thousand dollars ($100,000) in statutory damages as authorized by 15 U.S.C. § 1117(c) for trademark counterfeiting and 17 U.S.C. § 504 for copyright infringement for Defendant's sale of counterfeit products using the GRUMPY CAT Trademarks.. [Dkt. Nos. 89, 90].

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.,* 2004 U.S. Dist. LEXIS 22563 at *19-20. As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id*. at 20.

Defendant admits to willfully and knowingly using the GRUMPY CAT Trademarks on its website by using "Grumpy Cat Pattern" to advertise a product for sale. [Dkt. No. 119]. Further, a search of "GRUMPY CAT" by Defendant on Google or the U.S. Patent and Trademark Office website would have quickly revealed Plaintiff's rights in the GRUMPY CAT Trademarks.

The awarding of statutory damages serves dual interests in that it is remedial in nature, but is also intended to protect an important public interest. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340 at 1347 (7th Cir. 1994). Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations. *Lorillard Tobacco,* at 18.

Further, because damages inquiries under Section 1117(c) consider both punitive and compensatory considerations, "there is no necessary mathematical relationship between the size of

such an award and the extent or profitability of the defendant's wrongful activities." *Sara Lee v. Bags of New York, Inc*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). Thus, courts have looked beyond restitution of profit and restoration of injury to award damages, holding that deterrence of future infringement by the defendant and others situated like him is an important factor. *Lorillard Tobacco Co. v. J.J. Shell Food Mart, Inc.*, No. 03-cv-5506, 2005 U.S. Dist. LEXIS 26626, *16 (N.D. Ill. Oct. 27, 2005). Courts have also held that damages awards limited to lost profits would have little to no deterrent effect on future violations – "a counterfeiter must fear more than just having to turn over his ill-gotten gains to the rightful owners." *See Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563 at *17.

Defendant was aware it was infringing the GRUMPY CAT Trademarks or, at a minimum, had a reckless disregard for Plaintiff's rights. [Dkt. No. 119]. As such, Plaintiff's award of one-hundred thousand dollars ($100,000) in statutory damages as authorized by 15 U.S.C. § 1117(c) for trademark counterfeiting and 17 U.S.C. § 504 for copyright infringement for Defendant's sale of counterfeit products using the GRUMPY CAT Trademarks and Copyrights.

Accordingly, the Court's entry of an award of one-hundred thousand dollars ($100,000) against the Defendant for willful counterfeiting of the GRUMPY CAT Trademarks and Copyrights is appropriate.

## V. CONCLUSION

Defendant's Motion should be denied for failure to follow local and federal rules, failure to timely file a motion to dismiss, and failure to prove the essential merits of its motion to dismiss due to the fact that Plaintiff is likely to succeed on their Lanham Act claim. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss. [Dkt. No. 119].

13

Dated: February 28, 2025          Respectfully submitted,

                                       By:     */s/ Michael A. Hierl*
                                                      Michael A. Hierl (Bar No. 3128021)
                                                      William B. Kalbac (Bar No. 6301771)
                                                      Robert P. McMurray (Bar. No. 6324332)
                                                      John Wilson (Bar No. 6341294)
                                                      Hughes Socol Piers Resnick & Dym, Ltd.
                                                      Three First National Plaza
                                                      70 W. Madison Street, Suite 4000
                                                      Chicago, Illinois 60602
                                                      (312) 580-0100 Telephone
                                                      (312) 580-1994 Facsimile
                                                      mhierl@hsplegal.com

                                                      Attorneys for Plaintiff
                                                      GRUMPY CAT LIMITED

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on February 28, 2025, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*