BC  MEN
FILED
3/17/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GRUMPY CAT LIMITED, | Case Number: 24-cv-2702 |
| Plaintiff | |
| | Judge: The Honorable Jorge L. Alonso |
| v. | |
| | Magistrate Judge: The Honorable David Weisman |
| smartypaints, Def. No. 173 | |
| Defendant | |

# REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT AND MOTION TO DISMISS

## INTRODUCTION

I, smartypaints, Def. No. 173 (Legal Name: Sunakshi), respectfully submit this reply to the plaintiff's response to my motions. Below, I address the arguments presented by the plaintiff, focusing on procedural fairness, lack of personal jurisdiction, and the minimal impact of the alleged infringement.

# 1. PERSONAL JURISDICTION, TERRITORIALITY, AND THE HAGUE SERVICE CONVENTION

The plaintiff's argument for personal jurisdiction is flawed for the following reasons:
- **No Presence in the United States**: I am an Indian citizen residing solely in India with no physical or business presence in the United States.
- **Global Platform and Incidental Sale**: Any alleged sale to Illinois was incidental and facilitated solely by Redbubble, a global platform that handles all logistics, including printing, shipping, **marketing, targeting** and delivery. I did not deliberately target Illinois or any other U.S. market.
- **Territorial Nature of Copyright Law**: Trademarks are inherently territorial. The "Grumpy Cat" trademark is not registered or widely recognized in India. The alleged infringement was unintentional and arose due to the lack of familiarity with this brand in my country.

Furthermore, the listing in question was promptly removed upon notice, demonstrating my good faith and willingness to comply with legal requirements.

**Hague Service Convention Compliance**: The plaintiff's method of serving the summons and complaint via email bypassed the Hague Service Convention, which governs service of legal documents in civil matters between the United States and India.

Under Indian law, documents under the Hague Service Convention cannot be served directly to defendants in India by private judicial officers. As stated by the Ministry of External Affairs of India (**Exhibit 1**), proper service must be effected through India's designated Central Authority under the Convention. By relying on email service, the plaintiff has failed to comply with the established procedures required for valid service in India.

Furthermore, the listing in question was promptly removed upon notice, demonstrating my good faith and willingness to comply with legal requirements.

## 2. GOOD FAITH AND SETTLEMENT EFFORTS

I have consistently acted in good faith throughout this matter:
- I offered the plaintiff a settlement of $100, which is **25 times the revenue** earned from the alleged infringement (a single sale totaling $4). As court suggested both parties to work on settlement in previous hearing. **(Exhibit 2) [sent to plaintiff's attorney email: wkalbac@hsplegal.com ]**
- This offer reflects my sincere desire to resolve this matter amicably, despite my limited financial capacity.

The plaintiff declined this reasonable settlement offer and instead chose litigation, even though the alleged harm is minimal.

## 3. MINIMAL HARM AND LACK OF EVIDENCE

The plaintiff has failed to demonstrate any significant harm resulting from my actions:
- A single sale of $4 does not reasonably constitute material harm to the brand.
- Claims of consumer confusion, reputational damage, or loss of exclusivity are speculative and unsupported by concrete evidence.

## 4. REPRESENTATION ISSUE

The plaintiff claims that "smartypaints" is a business entity and asserts that I cannot represent it in court. This argument is both inaccurate and inconsistent for the following reasons:

**a. "smartypaints" is not a business entity:**
- It is merely a username for my Redbubble account and does not represent any separate legal entity or organization.
- I am the sole individual associated with this account and am representing myself as the defendant.

**b. Consistency in Identification:**
- The plaintiff has been corresponding with me using my email address, **sunakshi.sinha90@gmail.com**, which is also the same email address to which the court summons was served. This email address clearly identifies me as Sunakshi, the individual named in the case.

**c. PayPal Association:**
- The same email address is attached to my PayPal account, which also clearly identifies me as **Sunakshi**. **(Exhibit 3)**
- The plaintiff is aware of this and has acknowledged me as the defendant in their communications.

**d. Negotiations:**
- The plaintiff has actively engaged in settlement negotiations with me using this email address, further affirming that they recognize me as the individual defendant in this matter. **(Exhibit 4)**

For the plaintiff to now claim that I am not the proper defendant or that I am improperly representing myself is inconsistent with their actions and should be disregarded by the court.

## 5. **EXCUSABLE NEGLECT DUE TO OVERLOOKING EMAIL**

The plaintiff claims that I failed to respond promptly to the summons and complaint, disputing my assertion of excusable neglect. However:
- The summons was served via email, which is not customary in India for legal processes.
- The volume of emails I receive caused me to overlook the summons, and I was unaware of the default judgment until much later when my paypal account was restricted.

Once I became aware of the case, I acted promptly and in good faith by filing my motions to vacate and dismiss. My actions demonstrate my willingness to address the matter rather than ignore it.

## 6. **REQUEST TO REVERSE DEFAULT JUDGMENT IMPACT AND UNBLOCK PAYPAL ACCOUNT**

Due to the default judgment, my PayPal account has been restricted, and I have been unable to access my funds. This restriction has caused significant financial hardship.

I respectfully request that the court, upon vacating the default judgment, issue an order to reverse any adverse actions stemming from the default judgment, including unblocking my PayPal account and restoring my ability to access my funds.

## PRAYER FOR RELIEF

I respectfully request that the court:

1. Vacate the Default Judgment entered against me on excusable neglect.
2. Dismiss the Case for Lack of Personal Jurisdiction and the territorial limitations of trademark law and hauge service convention.
3. Issue an order to reverse any adverse actions resulting from the default judgment, including the unblocking of my PayPal account.
4. Alternatively, consider my good faith efforts and the minimal impact of the alleged infringement when determining any further action.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2025, a true and correct copy of the foregoing Reply to Plaintiff's Response to Defendant's Motion to Vacate Default Judgment and Motion to Dismiss was served upon the following counsel of record for the plaintiff via email:

William J. Kalbac

HSP Legal

 Email: wkalbac@hsplegal.com

Thank you for your attention to this matter.

Respectfully,

smartypaints, Def. No. 173 (Legal Name: Sunakshi),

 Pro Se Defendant

# EXHIBITS

## Exhibit 1: Official website of India's Ministry of External Affairs



## Exhibit 2: Settlement offer to plantiff



**Exhibit 3: My paypal account screenshot highlighting my name in red circle at top right corner**



**Exhibit 4: Conversation with plantiff attorney on my email**

