**FILED**

**MAY 07 2025**

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRUMPY CAT LIMITED,
Plaintiff,

v. THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,

Defendants.

Case No.: 24-cv-2702
Judge: Hon. Jorge L. Alonso
Magistrate Judge: Hon. M. David Weisman

**MOTION TO VACATE DEFAULT JUDGMENT**

NOW COMES Defendant Neogaia Creations ("Defendant"), pro se, pursuant to Federal Rule of Civil Procedure 60(b)(4), and respectfully moves this Honorable Court to vacate the Default Judgment entered on September 10, 2024, in the above-captioned matter.

**I. INTRODUCTION**

On September 10, 2024, a Default Judgment was entered against Defendant in the amount of $100,000. This judgment is void and should be vacated due to improper service of process, lack of notice, and other serious due process violations. In addition, Plaintiff's conduct in relation to PayPal's premature seizure of Defendant's funds, combined with post-judgment misrepresentation during attempted settlement discussions, underscores a pattern of procedural misconduct that further justifies relief.

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b)(4), a judgment must be set aside if it is void. A judgment is void where the court lacked personal jurisdiction due to improper or insufficient service of process. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *Securities & Exch. Comm'n v. McNulty*, 137 F.3d 732, 737 (2d Cir. 1998).

Relief is also appropriate under Rules 60(b)(3) and 60(b)(6) for fraud, misrepresentation, misconduct by the opposing party, or other extraordinary circumstances.

**III. GROUNDS FOR VACATUR**

1. **Improper Service and Lack of Notice**: Plaintiff claims to have served Defendant via email on May 2, 2024. However, Defendant did not receive any such communication and has thoroughly reviewed all email records. The first legal documents received were sent on or about September 5, 2024—after the motion for default judgment had already been filed. This method of service fails to satisfy the requirements of Federal Rule of Civil Procedure 4.
2. **Violation of Due Process**: Defendant was denied the opportunity to participate in the case or respond to the Complaint. This lack of notice constitutes a violation of due process under the Fifth and Fourteenth Amendments. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).
3. **Premature and Unauthorized Fund Seizure**: On February 5, 2025, PayPal withdrew $592.75 USD from Defendant's account without prior notice, court order, or explanation. This occurred before Plaintiff's counsel contacted Defendant (on January 31, 2025) and before Defendant knew a default judgment existed. This raises serious legal and ethical concerns.
4. **Lack of Good Faith by Plaintiff**: Despite multiple attempts by Defendant to communicate, Plaintiff's counsel only responded after Defendant filed a Motion to Dismiss. This lack of transparency demonstrates bad faith and procedural gamesmanship.
5. **Misleading Settlement Practices**: On January 31, 2025, Plaintiff's attorneys offered to settle for $1,000—without disclosing that a default judgment had already been entered or that funds had been seized via PayPal. This deprived Defendant of the ability to make an informed decision and constitutes misrepresentation, supporting relief under Rules 60(b)(3) and 60(b)(6).
6. **Meritorious Defense**: Defendant has a good faith, meritorious defense to Plaintiff's claims:
   - The design was an original work obtained through a licensed platform.
   - The title "Grumpy Cat Pattern" was used descriptively and not as a brand or trademark.
   - The product was sold only once, for $1.87, just before the lawsuit was filed—suggesting potential entrapment.
   - Defendant acted in good faith and did not engage in willful infringement.

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. VACATE the Default Judgment entered against Neogaia Creations on September 10, 2024;
2. STAY further enforcement or collection actions based on said judgment;
3. ORDER PayPal and any third parties to reverse transfers and cease enforcement actions tied to the default judgment;
4. GRANT any further relief deemed just and proper.

Respectfully submitted,

**Alda Curtis**
Pro Se Defendant
Email: alda.curtis@gmail.com
Phone: +61 431 600 560

## CERTIFICATE OF SERVICE

I, Alda Curtis, hereby certify that on this date I served a true and correct copy of the foregoing Motion to Vacate Default Judgment upon counsel for Plaintiff via email to:

**William B. Kalbac** – wkalbac@hsplegal.com
**John Wilson** – jwilson@hsplegal.com

Dated: April 10, 2025


/s/ Alda Curtis
**Alda Curtis**

Economy Untracked Air International
**Z3**
AUSTRALIA
NORTH ROCKS LPO
17/04/2025 14:51 2151 01
0.113 kg (S)
To: USA
**$13.55** GST Free
Postage Paid



MAY 07 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO
IL 60604
UNITED STATES

SWLF 991-1
22:24
17/04/2025