IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>  Defendants. | Case No. 24-cv-2702<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DKT. NO. 119]**

Plaintiff GRUMPY CAT LIMITED ("GRUMPY CAT" or "Plaintiff") submits the following response to the Motion to Dismiss filed by Defendant No. 103 "Neogaia Creations" [Dkt. No. 119] (the "Motion") and in support states as follows:

### I.  INTRODUCTION

Defendant erroneously claims that Plaintiff's Complaint should be dismissed for failure to state a claim but fails to identify any deficiencies in its Motion. Defendant also seeks to evade the consequences of infringing Plaintiff's GRUMPY CAT Trademark while marketing and attempting to sell infringing GRUMPY CAT products to Illinois residents through Defendant's online store on the Redbubble e-commerce platform.

Defendant makes nothing more than a blanket allegation that Plaintiff fails to properly state a claim for trademark infringement in its complaint and Defendant fails to cite a single instance where Plaintiff's Complaint is deficient.

Furthermore, Defendant erroneously claims that Plaintiff is unlikely to succeed on its trademark infringement claim while ignoring the fact that Defendant's use of the GRUMPY CAT Trademark causes confusion in the marketplace as to the origin or sponsorship of Defendant's products.

Defendant is unable to assert the "descriptive use," "fair use" or "good faith" defenses because Defendant used Plaintiff's GRUMPY CAT Trademark to market and sell products that led consumers to believe that Defendant's products were associated with or endorsed by Plaintiff. Additionally, Defendant stood ready, willing and able to sell infringing products to a resident within this Court's jurisdiction by a date certain. Similarly, Defendant erroneously claims that the First Amendment is a protection for trademark infringement.

Lastly, Defendant's Motion should be denied because Defendant is not an attorney and therefore cannot represent a business entity. As a result, Plaintiff respectfully requests this Court to deny Defendant's Motion and for any other relief this Court deems appropriate.

## II.     PROCEDURAL SUMMARY

On April 4, 2024, Plaintiff filed a lawsuit against multiple defendants, including Defendant No. 103 "Neogaia Creations" ("Defendant") for trademark infringement and counterfeiting (Count I); false designation of origin (Count II); copyright infringement (Count III) and violation of the Illinois Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. Also, on April 4, 2024, Plaintiff filed a Motion for Entry of a Temporary Restraining Order ("TRO") and supporting Memorandum [Dkt. Nos. 11, 12] which motion was granted on April 9, 2024. [Dkt. Nos. 39, 40].

Plaintiff effectuated service of process on Defendant on May 2, 2024 [Dkt. No. 49] and filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum. [Dkt. Nos. 45, 46]. This Court granted Plaintiff's Motion for Entry of a Preliminary Injunction on May 7, 2025.

2

[Dkt. Nos. 52, 53].

On September 4, 2024, Plaintiff filed a Motion for Entry of Default and Default Judgment against numerous non-appearing defendants, including Defendant No. 103 "Neogaia Creations" [Dkt. Nos. 82, 83], which was granted on September 10, 2024. [Dkt. Nos. 89, 90].

On December 17, 2024, a pro se individual named "Alda Curtis" filed a Motion to Dismiss on behalf of Defendant No. 103 "Neogaia Creations". [Dkt. No. 119]. On January 30, 2025, this Court set a briefing schedule on Defendant's Motion to Dismiss whereby Plaintiff's Response was due by February 28, 2025, and Defendant's Reply was due by March 22, 2025. [Dkt. No. 121]. On February 28, 2025, Plaintiff filed its Response to Defendant's Motion to Dismiss. [Dkt. No. 123]. Defendant did not file a Reply.

On May 7, 2025, Defendant filed a Motion to Vacate Default Judgment [Dkt. No. 126] which was granted on May 16, 2025. [Dkt. No. 129].

On May 29, 2025, this Court set a briefing schedule on Defendant's Motion to Dismiss [Dkt. No. 119] whereby Plaintiff's Response is due by June 19, 2025, and Defendant's Reply is due by July 3, 2025. [Dkt. No. 133].

### III.     STATUTORY AUTHORITY

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction over the Defendants. *See* Fed. R. Civ. P. 12(b)(2). The party asserting personal jurisdiction bears the burden of proof. *See Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). The Illinois long-arm statute "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *Id.*; 735 Ill. Comp. Stat. 5/2–209(c). Each Defendant must have purposely established minimum contacts with the forum state such that he or she "should reasonably anticipate being haled into court" there. *Burger King*

3

*Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Defendants cannot avoid jurisdiction "merely because the defendant did not *physically* enter the forum State." *Id.* at 476. As noted by the Supreme Court, "a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.*

## IV. ARGUMENT

### A. A Non-Lawyer Pro Se Defendant Cannot Represent a Business Entity

The U.S. Supreme Court has established that an entity that wants to avail itself of the Federal Court System must be represented by counsel. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. *Id.*

Federal Rule of Civil Procedure, Rule 11(a) states:

"Every pleading, written motion, and other ***paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.*** The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The ***court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention***." (F.R.C.P. 11(a)) (emphasis added).

Local Rule 5.6 states:

"***No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto***, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it ***may be stricken by the court on its own motion and without notice***." (Local Rule 5.6 Northern District of Illinois.) (emphasis added).

4

On December 17, 2024, a pro se defendant "Alda Curtis" filed a motion to dismiss on behalf of Defendant No. 103 "Neogaia Creations". [Dkt. No. 119]. Upon information and belief, Alda Curtis is an individual and is not the same as Defendant No. 103 "Neogaia Creations," a business entity. Furthermore, upon information and belief, Alda Curtis is not an attorney and therefore cannot represent Defendant "Neogaia Creations" in this matter.

Courts in this district have stated that "… a corporation cannot appear in court pro se or be represented by a non-lawyer. *Scandia Down Corp. v, Euroquilt, Inc.,* 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all.) 1:23-cv-14102, *Roblox Corporation v. The Partnerships et al.,* November 16, 2023, (J. Valderrama) [Dkt. No. 46]. Alda Curtis has failed to obtain approval from this Court to file a pleading without being a party to the action and, as provided by Local Rule 5.6, Defendant's Motion to Dismiss [Dkt. No. 119] should be denied.

B. **Plaintiff Provides a Short and Plain Statement of its Claims**

Plaintiff's Complaint notified Defendant which trademark registration was infringed, how the trademark registration was infringed, and that the infringement was done without Plaintiff's authorization. As such, Defendant has "fair notice" of Plaintiff's trademark infringement claim. See *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, Plaintiff's Complaint satisfies the Federal Rules of Civil Procedure's notice pleading standard.

Plaintiff has also sufficiently plead its allegations against Defendant and Defendant's allegations to the contrary is false. Plaintiff's Complaint provides more than sufficient notice of Plaintiff's claims, putting Defendant on fair notice of the grounds on which those claims rest. *See, e.g.,* Dkt. No. 1 ¶¶ 24-30 (Count I, Trademark Infringement), *Id.* ¶¶ 31-35 (Count II, False Designation of Origin), *Id.* ¶¶ 36-46 (Count III, Copyrights Infringement), *Id.* ¶¶ 47-50 (Count IV, Violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA")) and *Id.* ¶¶ 14-23, which describe Defendant's unlawful conduct.

The details of Plaintiff's Complaint, which include detailed descriptions and copies of the infringed Trademark Registration, demonstrate that Defendant has infringed Plaintiff's word mark. Defendant is confused about what is required under federal notice pleading -- that a complaint is required to contain a "(1) short and plain statement of the grounds for the court's jurisdiction … ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Plaintiff has satisfied all of the elements of F.R.C.P. 8(a), and Defendant fails to set forth anything more than an allegation regarding the insufficiency of Plaintiff's claims. As such, Defendant's Motion should be denied.

C.  **Defendant Has Infringed Plaintiff's GRUMPY CAT Trademark**

Defendant's Motion to Dismiss also fails because Defendant fails to demonstrate that it has not infringed Plaintiff's GRUMPY CAT Trademark.

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

To prove a *prima facie* case of infringement, Plaintiff must show (1) its trademark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademark; and (3) Defendant's use of the trademark causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005).

Plaintiff has satisfied all three requirements of the Lanham Act. In regard to the first two elements, Plaintiff's GRUMPY CAT Trademark is inherently distinctive and is registered with the

6

United States Patent and Trademark Office on the Principal Register. Plaintiff is the owner of U.S. Trademark Registration No. 4,417,549. *See* Exhibit A – Declaration of Bryan B. Bundesen at ¶ 5 and Exhibit B – GRUMPY CAT Trademark Registration. The GRUMPY CAT Trademark has been continuously used and never abandoned. Exhibit A at ¶ 7. The GRUMPY CAT Trademark registration constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the GRUMPY CAT Trademark pursuant to 15 U.S.C. § 1057(b). Furthermore, Plaintiff has not licensed or authorized Defendant to use the GRUMPY CAT Trademark, nor is Defendant an authorized retailer of genuine GRUMPY CAT Products. *Id.* at ¶ 11.

With regard to the third factor, Defendant's use of Plaintiff's GRUMPY CAT Trademark is likely to confuse consumers regarding the authenticity of the products being sold. Plaintiff's GRUMPY CAT Trademark is distinctive and identifies the merchandise as goods from Plaintiff. *Id.* at ¶ 7. Defendant's marketing and offer for sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT Trademark causes consumer confusion in the marketplace, which weakens Plaintiff's brand recognition and reputation. *Id.* at ¶ 20. When counterfeit products use the GRUMPY CAT Trademark, Plaintiff's products and brand become associated with these inferior counterfeit products which are not subject to same quality control standards as products sold under the GRUMPY CAT Trademark. *Id.* at ¶ 19. Consumers attributing these inferior quality products with Plaintiff will result in increased skepticism and hesitance by consumers to purchase genuine GRUMPY CAT Products in the future, resulting in a loss of sales and undermining of Plaintiff's reputation and goodwill. *Id.* at ¶ 20. Defendant is attempting to benefit and trade off Plaintiff's goodwill and reputation by attempting to sell counterfeit GRUMPY CAT Products to confuse and deceive the consuming public into thinking that Defendant's counterfeit GRUMPY CAT Products are manufactured by or emanate from Plaintiff.

7

Defendant's use of the GRUMPY CAT Trademark creates confusion in the marketplace and leads consumers to believe that the products being sold and marketed by Defendant belong to or are approved by Plaintiff. In the present case, Defendant is selling a t-shirt labelled "Grumpy Cat Pattern Graphic T-Shirt". See Exhibit C – Evidence of Infringement (Neogaia Creations). Trademark Reg. No. 4,417,549 specifically grants Plaintiff the exclusive right to use the GRUMPY CAT Trademark in commerce for clothing, namely t-shirts, shirts. *See* Exhibit B – GRUMPY CAT Trademark Registration.

As a result, Plaintiff has satisfied the elements of a cause of action for trademark infringement against Defendant and therefore, Defendant's Motion should be denied.

### D.  The First Amendment Does Not Protect Against Trademark Infringement

Defendant erroneously claims that the First Amendment affords it protection against Plaintiff's claims of trademark infringement. Defendant mistakenly believes that all speech is protected and that Defendant can use Plaintiff's GRUMPY CAT Trademark with impunity. "[T]he trademark law generally prevails over the First Amendment when another's trademark (or a confusingly similar mark) is used without permission as a means of source identification." *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 159 (2023). The Lanham Act defines a "trademark" as "any word, name, symbol, or device" used "to identify and distinguish his or her goods … from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown. 15 U.S.C. § 1127 West (2025).

It is undisputed that Defendant uses Plaintiff's "GRUMPY CAT" Trademark in the title of its product – "Grumpy Cat Pattern Graphic T-Shirt". *See* Exhibit C – Evidence of Infringement (Neogaia Creations). Defendant could have easily listed its products under any other name, but it would not have received as many clicks on its website. Rather, Defendant selectively chose to use the GRUMPY CAT Trademark to advertise its product because it would provide greater exposure

to its website. "Whatever first amendment rights you may have in calling the brew you make in your bathtub 'Pepsi' are outweighed by the buyer's interest in not being fooled into buying it." *Jack Daniel's*, at 140.

As the Supreme Court determined in its unanimous ruling in *Jack Daniel's,* "Consumer confusion about source—trademark law's cardinal sin—is most likely to arise when someone uses another's trademark as a trademark." *Id.* at 140. Using the same logic as the Court in *Jack Daniel's,* Defendant's use of the GRUMPY CAT Trademark is likely to cause confusion as to the source of the goods and therefore is in violation of Plaintiff's registered GRUMPY CAT Trademark. As such, Defendant's Motion to Dismiss should be denied.

E. **Defendant's Use of the GRUMPY CAT Trademark is Not Descriptive**

Defendant selectively chose language to lead consumers to believe that the advertised GRUMPY CAT t-Shirt is either made by, associated with or endorsed by Plaintiff. Defendant used the GRUMPY CAT Trademark to identify its product with an intent to mislead or to falsely suggest an affiliation with the GRUMPY CAT LIMITED brand. Defendant could have used any other descriptive terms to identify its product, but doing so would not result in the increased web traffic associated with using Plaintiff's GRUMPY CAT Trademark. Defendant's actions cause confusion in the marketplace, divert sales away from Plaintiff and for the consumers who purchased Defendant's inferior products, caused damage to Plaintiffs' goodwill and reputation.

"A trademark includes: any word, name, symbol, or device, or any combination thereof [used by any person] to identify and distinguish his or her goods, including a unique product, from those manufactured and sold by others and to indicate the source of the goods, even if that source is unknown." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001). "Hence, although a term's "primary" meaning is merely descriptive, if through use the public has come to identify the term with a plaintiff's product or service, the words have acquired a "secondary meaning" and

9

would become a protectible trademark. In other words, 'secondary meaning' denotes an association in the mind of the consumer between the trade dress [or name] of a product and a particular producer." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1085 (7th Cir. 1988).

In the present case, Plaintiff's GRUMPY CAT Trademark has acquired secondary meaning "i.e., has become distinctive of the plaintiff's goods and/or services." *Id.* at 1085. Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the GRUMPY CAT Trademark. *See* Exhibit A at ¶ 9. As a result, products associated with the GRUMPY CAT Trademark are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from GRUMPY CAT LIMITED. *Id.* Defendant could have used many descriptive terms other than the mark registered by Plaintiff to advertise and sell its infringing products, but chose against doing so because it would have forfeited the increased web traffic that the GRUMPY CAT Trademark brings. Defendant's use of Plaintiff's GRUMPY CAT Trademark was not descriptive and Defendant's sale of counterfeit products hurt Plaintiff's goodwill and reputation. As a result, Defendant's claim that its use of the mark as merely descriptive fails and Defendant's Motion should be denied.

F. **Defendant's "Fair Use" or "Good Faith" Defenses Fail**

Defendant erroneously claims that its use of the GRUMPY CAT Trademark is protected by the 'fair use doctrine'. *See* Defendant's Motion, pgs. 11, 12 [Dkt. No. 119]. Defendant's unauthorized use of Plaintiff's GRUMPY CAT word mark led to consumer confusion which is in violation of the Lanham Act.

Similarly, Defendant's use of the GRUMPY CAT Trademark was not in good faith and was likely to confuse the public as to the source of origin of the products being sold. "[T]he inquiry into the defendant's good faith concerns the question whether the user of a mark intended to create

consumer confusion as to source or sponsorship." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 401 (2d Cir. 2009). When analyzing whether the defendants' use of a term has caused confusion in the marketplace, "confusion" means whether "consumers [have been] misled into believing that the two [products] came from the same source" *Id.* at 400.

In the present case, Defendant's use of the GRUMPY CAT Trademark has led the public to believe the infringing product was either manufactured by Plaintiff, or to its specifications. Plaintiff is irreparably harmed by the unauthorized use of the GRUMPY CAT Trademark because counterfeiters take away Plaintiff's ability to control the nature and quality of products used with the GRUMPY CAT Trademark. *See* Exhibit A at ¶ 20. The products sold by Defendant include the GRUMPY CAT Trademark in the product title to lead consumers to believe that the product is manufactured by or endorsed by Plaintiff. The sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT Trademark causes consumer confusion in the marketplace, which weakens Plaintiff's brand recognition and reputation. *Id.* at ¶ 20. When counterfeit products use the GRUMPY CAT Trademark, Plaintiff's products and brand become associated with these inferior low-quality counterfeit products which results in increased skepticism and hesitance by consumers to purchase genuine GRUMPY CAT Products in the future, resulting in a potential loss of sales and undermining of Plaintiff's reputation and goodwill. *Id*.

Most consumers are unable to distinguish fake GRUMPY CAT Products from those produced by Plaintiff or its licensed partners by simply reviewing the outer appearance of these products on Defendant's webpage. Many consumers cannot distinguish between counterfeit products and their genuine counterparts and often regard counterfeit products as being "bargains" because of their low price. The resulting loss of sales and damage to the GRUMPY CAT brand is immeasurable. *Id*. at ¶ 19.

11

Defendant is using the GRUMPY CAT Trademark to capitalize off of Plaintiff's goodwill and reputation to sell unauthorized products in the marketplace, which has resulted in confusion among consumers. As a result, Defendant's use of Plaintiff's GRUMPY CAT Trademark was not done in good faith and Defendant's Motion should be denied.

## V.     CONCLUSION

Defendant's Motion should be denied for failure to follow the local rules, properly use the defenses of fair use, descriptive use or good faith and because Defendant intentionally used Plaintiff's GRUMPY CAT Trademark with little discern to its harmful effects on Plaintiff's business. Plaintiff has demonstrated that Defendant is liable for trademark infringement because it has violated the Lanham Act. Accordingly, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss. [Dkt. No. 119].

Dated: June 18, 2025            Respectfully submitted,

                                       By:     */s/ Michael A. Hierl*
                                                   Michael A. Hierl (Bar No. 3128021)
                                                   William B. Kalbac (Bar No. 6301771)
                                                   Robert P. McMurray (Bar. No. 6324332)
                                                   John Wilson (Bar No. 6341294)
                                                   Hughes Socol Piers Resnick & Dym, Ltd.
                                                   Three First National Plaza
                                                   70 W. Madison Street, Suite 4000
                                                   Chicago, Illinois 60602
                                                   (312) 580-0100 Telephone
                                                   (312) 580-1994 Facsimile
                                                   mhierl@hsplegal.com

                                                   Attorneys for Plaintiff
                                                   GRUMPY CAT LIMITED

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies on June 18, 2025, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

/s/ *Michael A. Hierl*
Michael A. Hierl