IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No. 24-cv-2702<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS [DKT. NO. 115]**

    Plaintiff GRUMPY CAT LIMITED ("GRUMPY CAT" or "Plaintiff") submits the following response in opposition to Defendant No. 173 "smartypaints" ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 115] (the "Motion") and in support states as follows:

### I.     INTRODUCTION

    Defendant seeks to evade the consequences of infringing Plaintiff's registered GRUMPY CAT Trademark for marketing and offering for sale infringing GRUMPY CAT Products to Illinois residents through Defendant's online store on the Redbubble e-commerce platform. Defendant's Motion to Dismiss is deficient for both substantive and procedural reasons and as a result, it should be denied.

    Procedurally, Defendant's Motion is deficient because a pro se defendant cannot represent a business entity. Substantively, Defendant's Motion is deficient because Defendant has infringed

1

Plaintiff's GRUMPY CAT Trademark and has made itself subject to this Court's jurisdiction because Defendant stood ready, willing and able to sell infringing products to residents within this Court's jurisdiction. As a result, Defendant's Motion should be denied.

## II.  PROCEDURAL SUMMARY

On April 4, 2024, Plaintiff filed a lawsuit against multiple defendants, including Defendant No. 173 "smartypaints" for trademark infringement and counterfeiting (Count I); false designation of origin (Count II); copyright infringement (Count III) and violation of the Illinois Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. Also, on April 4, 2024, Plaintiff filed a Motion for Entry of a Temporary Restraining Order ("TRO") and Motion for Electronic Service of Process under Fed. R. Civ. P. 4(f)(3) [Dkt. Nos. 11, 12] which was granted on April 9, 2024. [Dkt. Nos. 39, 40].

Plaintiff effectuated service on Defendant on May 2, 2024 [Dkt. No. 49] and filed a Motion for Entry of a Preliminary Injunction and supporting Memorandum. [Dkt. Nos. 45, 46]. The Court granted Plaintiff's Motion for Entry of a Preliminary Injunction on May 7, 2025. [Dkt. Nos. 52, 53].

On September 4, 2024, Plaintiff filed a Motion for Entry of Default and Default Judgment against numerous non-appearing defendants, including Defendant No. 173 "smarypaints" [Dkt. Nos. 82, 83] which was granted on September 10, 2024. [Dkt. Nos. 89, 90].

On November 27, 2024, a pro se individual named "Sunakshi" filed a Motion to Dismiss for lack of personal jurisdiction on behalf of Defendant No. 173 "smartypaints". [Dkt. No. 115]. On January 30, 2025, this Court set a briefing schedule on Defendant's Motion to Dismiss whereby Plaintiff's Response was due by February 28, 2025, and Defendant's Reply was due by March 22, 2025. [Dkt. No. 121]. On February 28, 2025, Plaintiff filed its Response to Defendant's

Motion to Dismiss. [Dkt. No. 123]. On March 17, 2025, Defendant filed its Reply. [Dkt. No. 124].

On May 29, 2025, this Court set a briefing schedule on Defendant's Motion to Dismiss [Dkt. No. 115] whereby Plaintiff's Response is due by June 19, 2025, and Defendant's Reply is due by July 3, 2025. [Dkt. No. 133].

### III. LEGAL STANDARD

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction over the Defendant. *See* Fed. R. Civ. P. 12(b)(2). The party asserting personal jurisdiction bears the burden of proof. *See Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Each Defendant must have purposely established minimum contacts with the forum state such that he or she "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Defendants cannot avoid jurisdiction "merely because the defendants did not *physically* enter the forum State." *Id.* at 476. As noted by the Supreme Court, "a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.*

### IV. ARGUMENT

#### A. The Defendant's Motion Should Be Stricken for Failure to Comply with Local and Federal Rules

The U.S. Supreme Court has established that an entity that wants to avail itself of the Federal Court System must be represented by counsel. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S.

3

Ct. 716, 721, 121 L. Ed. 2d 656 (1993). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. *Id.*

Federal Rule of Civil Procedure, Rule 11(a) states:

"Every pleading, written motion, and other ***paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented.*** The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The ***court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention***." (F.R.C.P. 11(a)) (emphasis added).

Local Rule 5.6 states:

"***No pleading, motion [except for motion to intervene], or other document shall be filed in any case by any person who is not a party thereto***, unless approved by the court. Absent such an order, the clerk shall not accept any document tendered by a person who is not a party. Should any such document be accepted inadvertently or by mistake in the absence of such an order, it ***may be stricken by the court on its own motion and without notice***." (Local Rule 5.6 Northern District of Illinois.) (emphasis added).

On November 27, 2024, an individual named "Sunakshi" filed a Motion to Dismiss on behalf of Defendant No. 173 "smartypaints". [Dkt. No. 115]. Upon information and belief, Sunakshi is not a business entity and Sunakshi is not an attorney. Therefore, "Sunakshi" cannot represent Defendant "smartypaints" in this matter.

Courts in this district have stated that "… a corporation cannot appear in court pro se or be represented by a non-lawyer. *Scandia Down Corp. v, Euroquilt, Inc.,* 772 F. 2d 1423, 1427 (7th Cir. 1985) ("A corporation must appear by counsel, or not at all.) 1:23-cv-14102, *Roblox Corporation v. The Partnerships et al.,* November 16, 2023, [Dkt. No. 46].(J. Valderrama). Sunakshi has failed to obtain approval from this Court to file a pleading without being a party to the action and, as provided by Local Rule 5.6, the Motion to Dismiss should be denied.

### B. This Court has Personal Jurisdiction Over Defendant

By offering to sell products in Illinois, Defendant is subject to this Court's jurisdiction.

4

When determining whether the District Court had jurisdiction over a defendant accused of selling counterfeit products online, the Seventh Circuit has stated that:

> "First, the defendant's contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state. Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 623 (7th Cir. 2022).

1. Defendant Purposefully Availed Itself of this Court's Jurisdiction

By conducting business in Illinois, Defendant purposefully availed itself of jurisdiction in Illinois. The Seventh Circuit has consistently ruled that businesses that reach out to do business with Illinois residents create sufficient minimum contacts for jurisdictional purposes. In *Illinois v. Hemi Grp. LLC*, the Seventh Circuit explained that "Hemi stood ready and willing to do business with Illinois residents." 622 F.3d 754, 757-58 (7th Cir. 2009). "It is Hemi reaching out to residents of Illinois, and not the residents reaching back, that creates the sufficient minimum contacts with Illinois that justify exercising personal jurisdiction over Hemi in Illinois." *Id*. at 758. As such, specific jurisdiction is proper where a company "h[olds] itself out as open to do business with every state" and is "ready and willing to do business with [that state's] residents." *Id*. As a result, Defendant should have foreseen being subject to litigation in the United States, including Illinois, as a result of offering for sale and selling its Counterfeit Products.

In the present case, Defendant advertised and offered to sell infringing GRUMPY CAT Products within this Court's jurisdiction by attempting to sell and ship an infringing product to an address in Naperville, Illinois. *See* Exhibit A – Evidence of Infringement (smartypaints), pg. 5. As such, Defendant's offer to sell and ship infringing counterfeit products to a resident in the State of Illinois demonstrates that Defendant purposefully directed its activities to this State and has purposefully availed itself of the privilege of conducting business in this forum State. As such,

5

Defendant's actions have created sufficient minimum contacts with Illinois to establish personal jurisdiction.

Illinois courts have consistently exercised personal jurisdiction over non-resident e-commerce store operators. *See, e.g., Mori Lee v. Partnerships*, No. 19-cv-7555 (N.D. Ill. May 14, 2020) (J. Kennelly) [Dkt. No. 60] (Kennelly, J.); *Volkswagen AG v. iman365-usa,* No. 18-cv-06611, 2020 U.S. Dist. LEXIS 34218, at *11 (N.D. Ill. Feb. 28, 2020); *see also*, *Dental Arts Lab., Inc. v. Studio 360 The Dental Lab, LLC*, 2010 WL 4877708, at *7 (N.D. Ill. Nov. 23, 2010) ("As long as one tortious act is committed in Illinois, the courts of the state, and thus this Court, may exercise personal jurisdiction over Defendant.").

As a merchant who is marketing, selling and agreeing to ship goods to Illinois residents, Defendant has purposefully availed itself of the privilege of conducting business in Illinois, which also gives this Court specific personal jurisdiction over Defendant under the Illinois long-arm statute. See 735 ILCS 5/2-209.

    2. <u>Plaintiff Has Been Injured by Defendant's Activities</u>

Defendant's infringement of Plaintiff's GRUMPY CAT Trademark has caused injury to Plaintiff, thus satisfying the second element. Defendant is not authorized to use Plaintiff's GRUMPY CAT Trademark, nor is Defendant an authorized retailer for Plaintiff. *See* Exhibit B – Declaration of Bryan B. Bundesen at ¶ 12. Plaintiff is the owner of U.S. Trademark Registration No. 4,417,549. *See id.; See also* Exhibit C – GRUMPY CAT Trademark Registration. Plaintiff's Trademark is distinctive and identifies the merchandise as goods from Plaintiff. Exhibit B at ¶ 7. Additionally, Plaintiff's Trademark has been continuously used and never abandoned. *Id.* at ¶ 8.

Plaintiff's goodwill and reputation are irreparably damaged when the GRUMPY CAT Trademark is used on goods not authorized, produced or manufactured by Plaintiff. *Id.* at ¶ 19. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and

market share. *Id*. The extent of harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable. *Id*. Plaintiff is further irreparably harmed by the unauthorized use of the GRUMPY CAT Trademark because counterfeiters take away Plaintiff's ability to control the nature and quality of products used with the GRUMPY CAT Trademark. *Id.* at ¶ 21. Loss of quality control over goods using the GRUMPY CAT Trademark and, in turn, loss of control over our reputation is neither calculable nor precisely compensable. *Id*. at ¶ 20. The sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT Trademark also causes consumer confusion, which weakens Plaintiff's brand recognition and reputation. *Id*. Consumers who mistakenly believe that the Counterfeit GRUMPY CAT Products they have purchased originated from Plaintiff will come to believe that Plaintiff offers low-quality products. *Id*. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine GRUMPY CAT Products, resulting in a loss or undermining of Plaintiff's reputation and goodwill. *Id.*

Plaintiff is further irreparably damaged due to a loss in exclusivity. *Id.* at ¶ 21. The GRUMPY CAT Products are meant to be exclusive. *Id*. Plaintiff's extensive marketing and distribution of GRUMPY CAT Products are aimed at growing and sustaining sales of GRUMPY CAT Products. *Id*.

The GRUMPY CAT Trademark is distinctive and signifies to consumers that the products originate from Plaintiff and are manufactured to Plaintiff's high-quality standards. *Id*. When counterfeiters use the GRUMPY CAT Trademark on goods without Plaintiff's authorization, the exclusivity of Plaintiff's products, as well as Plaintiff's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales. *Id*.

As such, Plaintiff has been injured by Defendant's actions and therefore has sufficiently satisfied the second prong of the Seventh Circuit's jurisdictional test.

3. <u>The Exercise of Personal Jurisdiction Comports with Traditional Notions of Fair Play and Substantial Justice</u>

Finally, the Court must consider whether the exercise of personal jurisdiction over Defendant would offend traditional notions of fair play and substantial justice. *See N. Grain Mktg., LLC v. Greving* 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154 (1945)). The factors considered are "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Felland v. Clifton,* 682 F.3d 665, 677 (7th Cir. 2012) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477, 105 S.Ct. 2174 (1985)). "These factors rarely will justify a determination against personal jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 781 n. 10 (7th Cir. 2003).

While Defendant may be burdened by having to defend an action in this state, "out-of-state defendants *always* face such a burden." *Felland,* 682 F.3d at 677 (emphasis in original). Notably, despite any potential claims of hardship, Defendant has already … engaged in motion practice in this court. *See Jackson v. N'Genuity Enterprises, Co.,* 2014 WL 4269448 (2014) (finding, in part, that exercising personal jurisdiction over the defendant did not run afoul of traditional notions of fair play and substantial justice where the defendant had been litigating in this forum). Moreover, modern transportation and communications have made it much less burdensome for a party to defend itself in a state where he derives economic benefits, and it usually will not be unfair to subject him to the burdens of litigating in another forum. *Burger King,* 471 U.S. at 474, 105 S.Ct. 2174. Illinois has an interest in protecting Illinois consumers from being deceived into purchasing counterfeit GRUMPY CAT Products. As such, exercising personal jurisdiction over Defendant

8

does not run afoul of traditional notions of fair play and substantial justice.

Defendant advertised products in this jurisdiction and Defendant could reasonably be expected to be haled into Court as a result of those activities. As a result, this Court has specific personal jurisdiction over Defendant and the Court should deny Defendant's Motion based on lack of personal jurisdiction.

### C. Defendant Was Properly Served Pursuant to Rule Fed. R. 4(f)(3)

1. <u>Attempting Service Through the Hague Convention Is Not Mandatory.</u>

Rule 4(f) of the F.R.C.P. governs international service of process on foreign individuals. "The Hague Convention does not displace Fed. R. 4(f)(3)." *Gianni Versace, S.P.A. v. Yong Peng, at al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d at 498. Rule 4(f) does not require that a party attempt service of process through the Hague Convention as prescribed in Rule 4(f)(1) before petitioning the Court for alternative relief under Rule 4(f)(3). *Gianni Versace,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019); *Rio Props Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002). Service under F.R.C.P. 4(f)(3) "must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *FTC v. Repair All PC, LLC*, 2017 U.S. Dist. LEXIS 83173, at *8 (N.D. Ohio May 31, 2017). Rule 4(f)(3) empowers the Court with flexibility and discretion to fit the manner of service utilized to the facts and circumstances of the particular case. *Id.* Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3), and the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA*, 882 F.3d 494, 498 (5th Cir. 2018) (defendant's argument "misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."); *Rio Props., Inc.*, 284 F.3d 1007, 1014-1015. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Rio Props., Inc.*, 284 F.3d at 1014. To

9

the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* The task of determining whether a given case requires alternative service of process "is placed squarely within the sound discretion of the district court." *FTC v. Repair All PC, LLC,* 2017 U.S. Dist. LEXIS 83173, at *9. Neither F.R.C.P. 4 nor any other rule requires that a party first attempt service through the Hague Convention.

Further, the Hague Convention does not apply when the identity and address of a defendant is unknown. The court in *Luxottica Group S.p.A.* imposed a due diligence requirement on a party seeking alternative service but was unclear as to what lengths a party must go to show that a defendant's identity and/or address is unknown, as well as the timing of this due diligence requirement. *Luxottica*, 391 F. Supp. 3d at 822-24.

Numerous Courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention. *See Id.* at *40-41*; *see also MCM Holding AG, et al. v. Dequn Zhao, et al.*, No. 18-cv-1677 (N.D. Ill. Aug. 14, 2018); *Nagravision SA*, 882 F.3d at 498; *Sulzer Mixpac AG*, 312 F.R.D. at 331-32 (same); *In re LDK Solar Secs. Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same).

2. <u>Service via Email Is Not Prohibited by The Hague Convention</u>

Courts have agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) ("[t]he Hague Convention does not prohibit service by e-mail or facsimile").

Accordingly, service of process by email was appropriately ordered by this Court and can be effectuated under F.R.C.P. 4(f)(3). Such service is not prohibited by the Hague Convention.

10

3. Service via Email Comports with Constitutional Notions of Due Process.

This Court also correctly found that service via email comports with constitutional notions of due process, because it was reasonably calculated, under all of the circumstances, to apprise Defendant of the pendency of this action and afford Defendant an opportunity to present objections. *See Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 97241, at *5. Courts have also held that communications to email addresses listed on a defendant's website comport with due process: "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sulzer Mixpac AG*, 312 F.R.D. at 332.

4. Alternatively, Jurisdiction is Proper under Fed. R. Civ. P. 4(k)(2)

Since Defendant intentionally and knowingly offered to sell and ship products to United States residents, personal jurisdiction is also proper under Rule 4(k)(2). *See Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 5 (1st Cir. 2018). Fed. R. Civ. P. 4(k)(2) provides nationwide service of process over any defendant provided that: (1) the plaintiff's claims are based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction is consistent with the laws of the United States; and (4) the exercise of jurisdiction is consistent with the Constitution. *Cent. States, Southeast and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Without the benefit of an evidentiary hearing, Plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of Plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor. *See Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

5. <u>Defendant Has Infringed Plaintiff's GRUMPY CAT Trademark</u>

Defendant's Motion to Dismiss also fails because Defendant has infringed Plaintiff's GRUMPY CAT Trademark. A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

To prove a *prima facie* case of infringement, Plaintiff must show (1) its trademark is distinctive enough to be worthy of protection; (2) Defendant is not authorized to use the trademark; and (3) Defendant's use of the trademark causes a likelihood of confusion as to the origin or sponsorship of Defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005).

Plaintiff has satisfied all three requirements of the Lanham Act. In regard to the first two elements, Plaintiff's GRUMPY CAT Trademark is inherently distinctive and is registered with the United States Patent and Trademark Office on the Principal Register. Plaintiff is the owner of U.S. Trademark Registration No. 4,417,549. *See* Exhibit B at ¶ 5 and Exhibit C – GRUMPY CAT Trademark Registration. The GRUMPY CAT Trademark has been continuously used and never abandoned. Exhibit B at ¶ 7.  The GRUMPY CAT Trademark registration constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the GRUMPY CAT Trademark pursuant to 15 U.S.C. § 1057(b). Furthermore, Plaintiff has not licensed or authorized Defendant to use the GRUMPY CAT Trademark, nor is Defendant an authorized retailer of genuine GRUMPY CAT Products. *Id.* at ¶ 11.

With regard to the third factor, Defendant's use of Plaintiff's GRUMPY CAT Trademark is likely to confuse consumers regarding the authenticity of the products being sold. Plaintiff's

GRUMPY CAT Trademark is distinctive and identifies the merchandise as goods from Plaintiff. *Id.* at ¶ 7. Defendant's marketing and offer for sale of Counterfeit GRUMPY CAT Products using the GRUMPY CAT Trademark causes consumer confusion in the marketplace, which weakens Plaintiff's brand recognition and reputation. *Id.* at ¶ 20. When counterfeit products use the GRUMPY CAT Trademark, Plaintiff's products and brand become associated with these inferior counterfeit products which are not subject to same quality control standards as products sold under the GRUMPY CAT Trademark. *Id.* at ¶ 19. Consumers attributing these inferior quality products with Plaintiff will result in increased skepticism and hesitance by consumers to purchase genuine GRUMPY CAT Products in the future, resulting in a loss of sales and undermining of Plaintiff's reputation and goodwill. *Id.* at ¶ 20. Defendant is attempting to benefit and trade off Plaintiff's goodwill and reputation by attempting to sell counterfeit GRUMPY CAT Products to confuse and deceive the consuming public into thinking that Defendant's counterfeit GRUMPY CAT Products are manufactured by or emanate from Plaintiff.

Defendant's use of the GRUMPY CAT Trademark creates confusion in the marketplace and leads consumers to believe that the products being sold and marketed by Defendant belong to or are approved by Plaintiff. In the present case, Defendant is selling a t-shirt labelled "Grumpy Cat peeking animals Essential T-Shirt". See Exhibit A. Trademark Reg. No. 4,417,549 specifically grants Plaintiff the exclusive right to use the GRUMPY CAT Trademark in commerce for clothing, namely t-shirts, shirts. *See* Exhibit C – GRUMPY CAT Trademark Registration.

As a result, Plaintiff has satisfied the elements of a cause of action for trademark infringement against Defendant and therefore, Defendant's Motion should be denied.

### V. **CONCLUSION**

Defendant's Motion should be denied for failure to comply with local rules, the applicability of the Hague Convention or reasonably demonstrate that Defendant has not infringed

Plaintiff's GRUMPY CAT Trademark. Additionally, Defendant stood ready, willing and able to conduct business with a resident within this Court's jurisdiction. Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss. [Dkt. No. 115].

Dated: June 20, 2025          Respectfully submitted,

By:    */s/ Michael A. Hierl*
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
John Wilson (Bar No. 6341294)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
(312) 580-1994 Facsimile
mhierl@hsplegal.com

Attorneys for Plaintiff
GRUMPY CAT LIMITED

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies on June 20, 2025, that a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system.

                                                    /s/ *Michael A. Hierl*
                                                    Michael A. Hierl