


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRUMPY CAT LIMITED, <br><br> Plaintiff <br><br> v. <br><br> smartypaints, Def. No. 173 <br><br> Defendant | Case Number: 24-cv-2702 <br><br> Judge: The Honorable Jorge L. Alonso <br><br> Magistrate Judge: The Honorable David Weisman |

# DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM SUPPORTING THE PRELIMINARY INJUNCTION

I, smartypaints, Def. No. 173 (Legal Name: Sunakshi), the pro se defendant in this matter, respectfully submit this response opposing the Plaintiff's request to maintain the preliminary injunction.

## 1. NO LIKELIHOOD OF SUCCESS ON THE MERITS

The Plaintiff's claims of trademark infringement lack merit for the following reasons:

**a. Use of "Grumpy Cat" Was Descriptive and Unintentional**

- The artwork associated with my Redbubble listing was entirely original and did not copy or reference the Plaintiff's "Grumpy Cat" brand, logos, or character design. **( Exhibit 1)**
- The term "grumpy cat" was used descriptively to indicate the cat depicted in the artwork appeared to be in a grumpy state.
- This use of the phrase falls under fair use principles, as it was not intended to trade on the Plaintiff's brand or cause consumer confusion.

**b. No Consumer Confusion or Actual Harm**

- The Plaintiff has not provided any evidence of actual consumer confusion resulting from the single $4 sale of my artwork.
- The listing was promptly removed upon notice, further demonstrating good faith and an absence of intent to infringe.

**c. Trademark Territoriality**

- The Plaintiff's trademark rights do not extend to India, where I reside and created the artwork.
- The "Grumpy Cat" brand has no recognizable presence in India and is unknown in local markets. As such, there is no intent or likelihood of harm to the Plaintiff's trademark in the U.S.

## 2. THE PRELIMINARY INJUNCTION CAUSES UNDUE HARDSHIP

**a. Minimal Harm to Plaintiff**

- The Plaintiff has failed to demonstrate irreparable harm resulting from my actions. A single $4 sale cannot reasonably harm a global brand's reputation or exclusivity.
- The injunction is excessive given the negligible impact of my listing.

**b. Disproportionate Harm to Defendant**

- The injunction has caused undue hardship by restricting my PayPal funds, which are vital for my livelihood.
- PayPal has withheld these funds due to the preliminary injunction, despite the lack of evidence of ongoing harm to the Plaintiff.

## 3. REQUEST FOR LIFTING OF PAYPAL RESTRICTIONS

I respectfully request that the Court include in its order the removal of any restrictions placed on my PayPal account due to the preliminary injunction, including:
- Immediate release of funds confiscated by PayPal under the injunction.
- Restoration of my ability to use the PayPal account without restrictions.

This request is reasonable given the lack of ongoing infringement and the disproportionate financial harm caused by these restrictions.

## 4. PUBLIC INTEREST DOES NOT SUPPORT THE INJUNCTION

- The public interest is not served by enforcing a preliminary injunction over a single descriptive use of a phrase in an original artwork.
- Overreach in applying U.S. trademark law extraterritorially undermines the principles of fairness and reasonable enforcement.

## 5. HAGUE SERVICE CONVENTION COMPLIANCE

The plaintiff's method of serving the summons and complaint via email bypassed the Hague Service Convention, which governs service of legal documents in civil matters between the United States and India.

Under Indian law, documents under the Hague Service Convention cannot be served directly to defendants in India by private judicial officers. As stated by the Ministry of External Affairs of India (**Exhibit 2**), proper service must be effected through India's designated Central Authority under the Convention. By relying on email service, the plaintiff has failed to comply with the established procedures required for valid service in India.

Furthermore, the listing in question was promptly removed upon notice, demonstrating my good faith and willingness to comply with legal requirements.

## 6. CONCLUSION

For the reasons stated above, I respectfully request the Court to:

1. **Lift the Preliminary Injunction; and**
2. **Order the removal of PayPal restrictions and the release of any funds confiscated under the injunction.**

The Plaintiff has not demonstrated a likelihood of success on the merits, irreparable harm, or a balance of equities that justifies maintaining the injunction.

## CERTIFICATE OF SERVICE

I, smartypaints, Def. No. 173 (Legal Name: Sunakshi), hereby certify that on June 24, 2025, I served a true and correct copy of the foregoing Defendant's Response to Plaintiff's Memorandum Supporting the Preliminary Injunction via email to the following counsel of record for the Plaintiff:

William B. Kalbac
wkalbac@hsplegal.com

---

Respectfully submitted,
smartypaints, Def. No. 173
Pro Se Defendant
Email: sunakshi.sinha90@gmail.com
Dated: May 25, 2025

# EXHIBITS

**Exhibit 1: Defendant's Artwork**

The artwork associated with my Redbubble listing was entirely original and did not copy or reference the Plaintiff's "Grumpy Cat" brand, logos, or character design.



**Exhibit 2: Official website of India's Ministry of External Affairs**

